SOLON BANCROFT *vs.* ARTHUR H. RUSSELL.

Suffolk.    March 1, 1892. — June 24, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Trust in Personal Property — Life Insurance — Statute — Oral Statements of Creator of Trust — Resulting Trust.*

A. procured a policy of insurance upon his life payable to himself on a certain day, or, if he died before that time, to B., "trustee for C.," who was A.'s mother. A. survived C., and died before the day named in the policy for payment. B.,

as trustee, collected the sum due on the policy, and the administrator of C.'s estate claimed it. *Held*, on a bill in equity to determine the disposition of the sum, that the St. of 1887, c. 214, § 73, and the Pub. Sts. c. 119, § 167, did not control the case.

Oral statements of the creator of a trust in personal property are competent to show the nature of the trust.

A. procured a policy of insurance upon his life payable to himself on a certain day, or, if he died before that time, to B., "trustee for C.," who was A.'s mother, and whom he mainly supported for many years during her lifetime. He survived her, and died before the day named in the policy for payment. There was no written declaration of the nature of the trust. A. made oral statements that his design in creating the trust was that the care and support of his mother should be continued after his death from the proceeds of the policy. B., as trustee, collected the sum due on the policy, and the administrator of C.'s estate claimed it. *Held*, on a bill in equity to determine the disposition of the sum, that the trust was, that, if A. died before the day named in the policy, the proceeds of the policy should be used by the trustee for the care and support of C.; that, as C. died before A., there was a resulting trust in favor of A.; and that the proceeds of the policy were a part of his estate.

BILL IN EQUITY, filed in the Superior Court, to determine the disposition of the proceeds of two policies of insurance upon the life of William Proctor. The case was heard by *Dewey*, J., who reserved it for the determination of this court upon the pleadings and an agreed statement of facts, the material parts of which are as follows.

William Proctor, for many years previous and down to the time of the decease of his mother, Harriet Prescott, ·assisted largely in furnishing her with all that was needed for her comfort, the balance necessary for her support and maintenance being furnished by her other children, mainly by one Emma Rainsforth. During the lifetime of his mother he caused to be issued two policies of insurance upon his life for the sum of $1,000 each, payable to himself on June 17, 1904; or, if he should die before that time, then to " Solon Bancroft, . . . trustee for Harriet Prescott." No statement of the trust intended to be created appeared in the policies or was declared in writing. If it be material, and admissible in this case, which the defendant denies, the defendant admits that the plaintiff would testify that said Proctor in ·his lifetime made oral statements that his design in creating said trust was that from the proceeds of said policies the care and support of his mother should be continued after his decease, which evidence shall be taken as true. The premiums upon said policies, during the lifetime of

Harriet Prescott and after her decease, were paid by Proctor. Harriet Prescott died on February 22, 1889, during the lifetime of Proctor, and the expenses of her burial were provided for by him. If it be material and admissible in this case, which the defendant denies, it is admitted that the plaintiff would testify, and the evidence shall be taken as true, that it was the desire of Proctor after the death of his mother to have said policies changed, so that Emma Rainsforth might be compensated for what she had done for her mother ; that the same was not done, and no attempt to do so was ever made ; and that Proctor at the time of the death of his mother was ill with the disease of which he afterwards died.

Proctor died on October 23, 1889, leaving a will, in which the plaintiff was named as executor, and which will has been duly proved and allowed ; and letters testamentary were issued to the plaintiff. In the will no mention or disposition was made of the proceeds of said policies, other than that the will contained a general residuary clause, under which the devisees claim that the executor should account to them for said proceeds. The plaintiff, as trustee, has collected the amounts becoming due on said policies, namely, $1,957.63, which he now holds subject to the order of the court. The defendant has been duly appointed administrator of the estate of Harriet Prescott, and has demanded of the plaintiff the amounts so collected on said policies, as part of the estate of his intestate.

*S. Bancroft,* pro se.

*A. H. Russell,* pro se.

FIELD, C. J. The St. of 1887, c. 214, § 73, and the Pub. Sts. c. 119, § 167, do not control this case. Although undoubtedly in the event which has happened Mr. Bancroft is the person to whom the money was payable, yet by the terms of the policy it was payable to him as " trustee for Harriet Prescott," and the question is what is the nature of the trust. It is settled that a trust in personal property can be shown by oral testimony, and the word " trustee " does not conclusively define the nature of the trust. *Davis* v. *Coburn,* 128 Mass. 377. *Chace* v. *Chapin,* 130 Mass. 128. *Chase* v. *Perley,* 148 Mass. 289. On the face of the policies, the money was not to be paid by the insurance company, in any event, to Harriet Prescott ; it was to be paid to the

assured, William Proctor, on June 17, 1904, if he lived till that time; but if he died before that time, then to "Solon Bancroft, . . . trustee for Harriet Prescott." William Proctor survived Harriet Prescott, who was his mother, and died on October 23, 1889. There is no written declaration of the nature of the trust, and it does not appear that William Proctor made any statement of the nature of the trust to Harriet Prescott, or even that she knew of the existence of the policies. It is agreed, if it is competent, that the plaintiff would testify "that said Proctor in his lifetime made oral statements that his design in creating said trust was that from the proceeds of said policies the care and support of his mother should be continued after his decease, which evidence shall be taken as true," and that for many years before and up to the time of her decease he had been accustomed to furnish a large part of "all that was needed for her comfort." We are not required to consider whether, if the trust when created had been declared to be of a certain nature, and this had been communicated to and accepted by the *cestui que trust,* and no power to revoke or modify the trust had been reserved, it could be modified or revoked by subsequent declarations of the donor. We assume that it could not. We infer that the statements referred to in the agreed statement of facts were statements to the trustee, and constituted substantially the only statements by the donor of his intention in creating the trust. We think they are competent, and, in connection with the other facts agreed, show that the trust, was, that if William Proctor died before June 17, 1904, the proceeds of the policies should be used by the trustee for the care and support of Harriet Prescott. Whether, if she had survived him, she would have been entitled to the whole proceeds, or only to such part as might be necessary for her support we need not decide. *Clark* v. *Clark,* 108 Mass. 522. *Chace* v. *Chapin,* 130 Mass. 128. *Fuller* v. *Linzee,* 135 Mass. 468. *Scott* v. *Berkshire County Savings Bank,* 140 Mass. 157. *Parkman* v. *Suffolk Savings Bank,* 151 Mass. 218. We are of opinion that, as she died before William Proctor, there is a resulting trust in favor of him, and that the proceeds of the policies are a part of his estate.

*Decree accordingly.*