HARRY EMMONS, Trustee, *vs.* THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF DELAWARE, an unincorporated Association.

1. INSURANCE—MUTUAL BENEFIT ASSOCIATION—BENEFICIARIES—ORDER OF PAYMENT—RULES OF ORDER—CONSTRUCTION.

The constitution of a mutual benefit society provided that, if one or more of the beneficiaries died before the member, the survivors should be entitled to the benefit equally unless otherwise provided, and if all the beneficiaries so died, and no other direction was made as provided by the laws of the order, the benefit should be paid to his widow, if any, and, if none, then to his children in equal shares, etc. *Held* that, where a member's widow was not designated as his beneficiary, it was necessary, in order that she should take under such provision, that the beneficiary or beneficiaries designated should have died during the life of the member, and that he should have failed to make any other designation.

2. INSURANCE—MUTUAL BENEFIT SOCIETIES—BENEFICIARIES—RESTRICTION—BY-LAWS.

An amendment to a by-law of a mutual benefit society provided that each applicant should designate the person or persons to whom the beneficiary fund due at his death should be paid, who in every instance should be one or more members of his family or some one related to him by blood, or at the discretion of the Grand Master Workman might be an affianced wife, or one that was dependent on him, etc. *Held*, that such provision was prospective only in its operation, and did not invalidate a certificate made payable to a trustee, who was a creditor of the member, to secure payment of the debt, where the trustee, when the certificate was issued, was a proper beneficiary.

3. INSURANCE—BENEFICIARIES—TRUSTS—RECOVERY OF FUND.

Where a mutual benefit certificate was made payable to a trustee to secure a debt owing by the member, who died without changing the beneficiary, the proceeds of the certificate were payable to such trustee, in the absence of statute or a law of the order regulating the matter, regardless of the fact that the trust had terminated by the payment of the debt, though he might be required in a proper proceeding to account for the funds as trustee.

(*October* 4, 1913.)

Judges WOOLLEY and RICE sitting.

*Harry Emmons* for Harry Emmons, Trustee, claimant.

*Herbert H. Ward* (of *Ward, Gray* and *Neary*) for Elizabeth A. Wittaker, interpleader.

Superior Court, New Castle County, September Term, 1913.

SUMMONS CASE (No. 78, January Term, 1913).

On Demurrer.

The plaintiff having filed his statement of claim, and after the intervening claimant had filed her statement of claim, under leave to intervene and interplead previously granted, the plaintiff moved to strike out her statement upon the ground that it presented no legal claim to the fund paid into court. The court held that when the statement of claim attacked showed upon its face all the grounds of attack the motion to strike out was not a proper procedure, and that the legality of the claim should be attacked by general demurrer. The motion to strike out was disallowed. A general demurrer failed, and the following opinion was delivered upon the questions raised thereunder.

RICE, J., delivering the opinion of the court:

This proceeding is based on the statements of claim filed by the claimants, to a fund of one thousand six hundred and nine dollars paid into court under the court's order, in a petition for interpleader entered by "the Grand Lodge of the Ancient Order of United Workmen of Delaware." In the petition, the lodge disclaimed all interest in the fund, and prayed that Harry Emmons, trustee, the plaintiff in the suit against it, be ordered to interplead with Elizabeth A Wittaker, claimant. The prayer was granted and order to interplead signed.

*Harry Emmons*, trustee, claimed in his statement: That J. Jackson Wittaker had in his lifetime been a member of the Ancient Order of United Workmen, which had in 1885 issued a benefit certificate to him for two thousand dollars, wherein Harry Emmons, trustee, was named as beneficiary; that, at the time of death, J. Jackson Wittaker was a member in good standing; that, when this certificate was issued, the laws of the order did not limit the member to the appointment of a beneficiary within a restricted class; that Emmons, trustee, is entitled to the fund paid into court under the bill of interpleader.

*Elizabeth A. Wittaker* in her statement of claim alleges: That she is the widow of J. Jackson Wittaker, who died on May 1, 1912, intestate and without issue, and as widow under the intestate laws of this state is entitled to an interest in his estate; that J. Jackson Wittaker became a member of the A. O. U. W. in 1882,

and was granted a benefit certificate wherein his brother was named as beneficiary; that the certificate was applied for and accepted with the express agreement that the member would comply with the laws, rules, and regulations of the order, then existing or thereafter enacted; that in 1885 her husband changed his beneficiary, and the lodge issued to him a certificate in which Harry Emmons, trustee, was named as beneficiary; that subsequent to 1885 and prior to 1893 the order passed a law restricting the person or persons that an applicant for membership might name as beneficiary, to one or more members of his family or some one related to him by blood; that in 1893 the Grand Lodge demanded of Wittaker that he change his beneficiary, as Harry Emmons, trustee, the beneficiary named, did not come within the restricted classes, this Wittaker refused to do; that since this refusal, Harry Emmons, trustee, has been an illegal beneficiary, and is not now entitled to receive the benefit of the certificate; and as the beneficiary named was an illegal one, under the laws of the order existing at the time of her husband's death, she as widow of J. Jackson Wittaker, is entitled to the fund under the provisions of the section of the laws of the order entitled "Order of Payment of Beneficiaries."

This claimant also alleges, that Harry Emmons, trustee, was named as beneficiary to secure him as endorser on certain promissory notes or obligations, and as surety for certain indebtedness of J. Jackson Wittaker to Harry Emmons, all of which the said Wittaker paid before his death, and the trust created for the benefit of Emmons had ceased, and he, Emmons, at the time of the death of Wittaker, did not hold the benefit certificate in trust for any purpose whatever.

Elizabeth Wittaker claimant also offers to reimburse Emmons out of the fund of one thousand six hundred and nine dollars, for any payments or advances he may have made to the Grand Lodge for Wittaker, together with interest.

To the statement of claim filed by Elizabeth A. Wittaker, Harry Emmons, trustee, the other claimant, enters a demurrer.

The claims of Elizabeth A. Wittaker may be generally summed up as follows: (1) That under the laws of the order

existing at the time of the death of J. Jackson Wittaker, Harry Emmons, trustee, was an illegal beneficiary not entitled to the fund, and she, as widow of the deceased member, is entitled to it under the provisions of *Section* 6, *Article* 28, *Constitution of the A. O. U. W.*; (2) that the trust was created by Wittaker to secure Emmons for various obligations or loans, and had ceased to exist by reason of payment of the said loans or obligations, to Emmons, by Wittaker in his lifetime, and on account of the trustee's loss of interest in the fund, it is payable to her as widow, under the laws of the order.

[1]    In considering the widow's claim it is necessary to refer to *Article* 28, *Section* 6, of the *Constitution of "the Grand Lodge of the Ancient Order of United Workmen of Delaware,"* which is as follows:

"6.    Order of Payment of Beneficiaries:—If one or more of the beneficiaries shall die during the lifetime of the member, the surviving beneficiaries shall be entitled to the benefit equally, unless otherwise provided in the beneficiary certificate; and if all the beneficiaries shall die during the lifetime of the member, and he shall have made no other direction in the manner provided by the laws of the order, the benefit shall be paid to his widow, if any; if he leaves no widow, then to his children in equal shares, grandchildren to take the share to which their deceased parent would be entitled if living; if no children, or their issue, then to his mother, if living; if no mother, then to his father, if living; and all these failing, then to his legal heirs."

It will be observed that two things must occur before the widow of a deceased member is entitled to the beneficiary fund under the provisions of this section; First, the death of the beneficiary or beneficiaries named in the certificate during the lifetime of the member, and, second, the failure of the member to make any other designation in the manner provided by the laws of the order. Upon the failure of the happening of both contingencies the widow has no right to the fund under *section* 6.

In the present case, the beneficiary did not die during the lifetime of the member, but is now alive, and therefore the first of the two things necessary to take place, before the widow would be entitled to the fund, did not happen.

However counsel for Elizabeth A. Wittaker contends that *section* 6 should be construed to have the meaning, which would be given to it if the word "or" appeared in place of the word "and", as found the second time in the section, in which event that portion of the section would read as follows: "And if all the beneficiaries shall die during the lifetime of the member, *or* he shall have made no other direction in the manner provided by the laws of the order."

While we are not ready to accept the argument that such a meaning should be given to the section in question, yet briefly we will consider the effect of such a construction, as it pointedly raises the question, whether or not, the beneficiary named is an illegal one.

[2] Harry Emmons, trustee, was named as beneficiary in 1885, when, as far as we have been able to ascertain, the laws of the order did not prohibit this designation. The constitution was changed, and limited classes of beneficiaries established in 1888 (year fixed at the argument), by the enactment of *Section* 5, *Article* 28, which is as follows:

"5. Beneficiaries.—Each applicant shall designate the person or persons to whom the beneficiary fund due at his death shall be paid; who shall, in every instance, be one or more members of his family, or some one related to him by blood, or at the discretion of the Grand Master Workman, may be an affianced wife, or who shall be dependent upon him. Provided, in no instance shall a divorced wife of a member remain his beneficiary after divorce."

This section provides that each applicant shall designate the person, to whom the beneficiary fund shall be paid, who shall be a member of his family or a blood relative. It refers only to those who were at the time applicants for membership, or would afterwards become applicants.

This section by its terms did not bring within its scope those persons who were at the time members of the order. It referred to those only who were applicants, or would thereafter become applicants for membership. It was in terms and in effect prospective and not retroactive.

It has been held by this court that when a person is properly named as beneficiary under the laws of a beneficial order, and the laws are afterwards changed or amended in a manner to make such beneficiary an improper one if named subsequent to the change, the appointment is not invalidated, if the change is in effect prospective and not retroactive. *Emmons v. Supreme Conclave, I. O. H.*, 6 *Penn.* 115, 63 *Atl.* 871.

Therefore if *section* 6 should be construed to mean that the widow has a right to the fund if the beneficiary named by the assured is an illegal appointment, as claimed by Elizabeth A. Wittaker, she would not be entitled to the fund in the present case, because this court has already held in the above case, that a like appointment was not made invalid, by the subsequent passage of a law similar to *section* 5, and under the doctrine of *stare decisis*, this court will follow the precedent therein established, and hold that the beneficiary is not an illegal one.

[3]  In respect to Elizabeth A. Wittaker's claim, as summarized by us under "2", we have diligently and exhaustively searched the constitution and general laws of the order, and have failed to find anything which, either in intent or terms, covers the proposition that where a trust created by a member has failed, the widow is entitled to the beneficiary fund. They are silent in that respect, and it is only reasonable to believe that the order never contemplated such a happening. As the laws of the association do not cover any set of facts as are claimed by Mrs. Wittaker to exist in the present case, her right to the fund must be determined by the application of the general policy of the law, in such cases.

In Massachusetts and New Jersey they have statutes which provide, that associations may be formed to pay benefits to persons designated by the members, within certain restricted classes only. The courts of these states construe the statutes liberally, in cases coming within the statutes, and have held, where the beneficiary designated was an illegal one, the fund will not revert to the association because of the illegal designation, but it will go to the person or persons living at the time of the member's demise, first legally entitled to take, in the classes as set forth in the laws

of the order, and coming within the provisions of the statutes also, and when this person is the widow the courts have directed the fund to be paid to her. *American Legion of Honor v. Perry*, 140 *Mass*. 580, 5 *N. E*. 634; *Shea v. Massachusetts Beneficial Ass'n*, 160 *Mass*. 289, 35 *N. E*. 855, 39 *Am. St. Rep*. 475; *Britton v. Royal Arcanum*, 46 *N. J. Eq*. 102, 18 *Atl*. 675, 19 *Am. St. Rep*. 376.

In this state we have no statute covering the subject and therefore those cases, cited by counsel for the widow, which are decided by the courts under statutes as above, are of very little assistance to us.

For a moment we will consider the present case, as one where the fund was payable at the expiration of ten years. after the issuance of the certificate, and the facts of the trust were as claimed by Mrs. Wittaker. At the expiration of the ten years when the fund became payable, if Wittaker made no objection to the fund being paid to the trustee, we are not cognizant of any principle of law, by which the widow could come into court and successfully claim the money. In principle there is no difference between that case and the present one, and in the absence of statute law, we have failed to find any law which would authorize this court to order the fund here, to be paid to Elizabeth A. Wittaker, widow of J. Jackson Wittaker.

While under the law the widow is not entitled to the fund, nevertheless it does not follow and we do not decide that the trustee has a right to receive and keep it, if it is true that the trust has failed or lapsed by reason of the payment, by Wittaker, of the obligations. It would not be either equitable or just to have the trustee paid his debt, and permit him under objections by a proper person, to also keep the security placed in his hands. Under such circumstances the trust would fail or lapse, and we believe there would be by operation of law, a resulting trust of the security in favor of the person who had created the trust, and if that person should be dead then in favor of his estate. *Bancroft v. Russell*, 157 *Mass*. 47, 31 *N. E*. 710; *Haskins v. Kendall*, 158 *Mass*. 224, 33 *N. E*. 495, 35 *Am. St. Rep*. 490; *Schmidt v. Northern Association*, 112 *Iowa* 41, 83 *N. W*. 800, 51 *L. R. A*. 141, 84 *Am. St. Rep*. 323.

*Bancroft v. Russell*, 157 *Mass.* 47, 31 *N. E.* 710, was a case decided by the Supreme Court of Massachusetts, and not decided under the provisions of any statute. The insurance fund was made payable to a trustee for the benefit of the mother of the assured. The nother died before the assured, and in a suit to determine what disposition should be made of the money, which had been paid to the trustee, the court held that there was a resulting trust in favor of the assured, and the proceeds of the policy were a part of his estate.

The decision of the court in *Bancroft v. Russell* appeals to us to be a sound statement of the law. And while we are of the opinion that Elizabeth A. Wittaker, the widow of J. Jackson Wittaker, is not entitled to the fund paid into this court, under her statement of claim filed, yet we can readily conceive that if the fund should be paid to Harry Emmons, trustee, by order of this court, he can be compelled in a proper proceeding in a suitable court, to account for such funds, as trustee.

Demurrer sustained.