## TUCKER v. ALEXANDER, Collector of Internal Revenue. *

(Circuit Court of Appeals, Eighth Circuit. October 27, 1926.)

No. 7124.

**1. Internal revenue ⬤⟞38(1).**

Action for refund of income tax cannot be on ground other than presented in required claim to Commissioner.

**2. Internal revenue ⬤⟞38(17)—Plaintiff in action for refund of income tax held not entitled to costs, notwithstanding commissioner's belated allowance of part of claim, where action was not maintainable because on ground not presented in claim.**

Action for refund of income tax being on ground other than presented in required claim to commissioner, so that plaintiff could not recover, he was not entitled to costs because of belated allowance by Commissioner of part of his claim, and judgment for defendant being without prejudice to plaintiff's acceptance of such allowance.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action by W. C. Tucker against Acel C. Alexander, Collector of Internal Revenue. Judgment for defendant, and plaintiff brings error. Affirmed.

Charles H. Garnett, of Oklahoma City, Okl., for plaintiff in error.

Frederick W. Dewart, Sp. Atty. Bureau of Internal Revenue, of Washington, D. C. (Roy St. Louis, U. S. Atty., and William P. Kelley, Asst. U. S. Atty., both of Oklahoma City, Okl., and A. W. Gregg, Solicitor of Internal Revenue, of Washington, D. C., on the brief), for defendant in error.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

STONE, Circuit Judge. This is an action for refund of a portion of a tax, paid under protest, on the income of plaintiff in error (plaintiff below) for the year 1920. Plaintiff made a tax return for that year and paid upon the basis thereof. An investigation by an agent of the department, thereafter, resulted in an additional assessment, which was paid under protest. In due time after this last payment, plaintiff filed his claim for refund. After waiting 17 months, in vain, for some action thereon by the department, this action was brought. About 6 months after this action was begun and before trial thereof, the department made an allowance of $216.26 (a small part of the claim) and rejected the balance of the claim. From a judgment favoring defendant, but without prejudice to ac-

ceptance by plaintiff of the allowance of $216.26, this writ of error is sued out.

In the view which we take of the issues which must determine this case, an extended statement of fact is unnecessary.

Prior to 1913, plaintiff was half owner of the stock of a corporation which had, for some years, been engaged in a general merchandise business at Pawhuska, Okl. In 1920, the corporation was voluntarily dissolved and the assets distributed in kind to plaintiff and his brother (who owned the other half of the capital stock), the two men assuming the existing indebtedness of the corporation. As half owners, the brothers continued the business as a copartnership. The income upon which the additional tax (refund of which is now sought) was collected was the increased value of the corporate stock from March 1, 1913, to the date of liquidation in 1920.

There are two main contentions here. One is of minor importance, concerning costs herein.

The important contention is in respect to collection of an income tax assessed upon the liquidation of the Osage Mercantile Company, of which Tucker was a stockholder. The main grounds for recovery thereof, as stated in the petition, are:

"That the assessment and collection of said additional income tax was erroneous and illegal in that it is based upon alleged income accruing to the plaintiff from the liquidating dividend upon the dissolution of the Osage Mercantile Company, a corporation, in which he was a stockholder; that this corporation was chartered and organized in the year 1902 with a capital stock of $15,000 divided into 150 shares of the par value of $100 each; that thereafter in the year 1906 the capital stock of said corporation was increased to $30,000 divided into 300 shares of the par value of $100 each; that on March 1, 1913, the plaintiff was the owner and holder of 112 shares of the capital stock in said corporation and the same was of the fair market value of $500 a share on said date; that on July 22, 1920, said corporation was liquidated and dissolved and its assets were transferred and distributed in specie to its stockholders by a liquidating dividend; that the net actual and fair market value of the assets so distributed was $88,408.97 on that date; that the share of such assets received by the plaintiff was less in value by the sum of $5,491.84 than the fair market value on March 1, 1913, of the stock he then owned plus the cost of the stock he subsequently acquired and he, therefore, sustained an actual loss in said amount on the liquidation of said corporation; that in ascer-

taining the gain or loss to the plaintiff upon the liquidation of said corporation the Commissioner of Internal Revenue erroneously, wrongfully and illegally assumed and took $356.86 per share, instead of the correct sum of $500 per share, as the fair market value of the plaintiff's stock on March 1, 1913, and $97,292.71, instead of the correct sum of $88,-408.97, as the net actual and fair market value of the assets of said corporation distributed at the time of liquidation in .excess of all its liabilities then outstanding and assumed by its stockholders."

[1] The collector contends that the plaintiff cannot recover upon such grounds because they are different from those asserted in his claim of refund. The claim of refund is general in terms and is to the effect that there was a loss instead of a profit, but it is made specific through an incorporation, by reference, of a letter from the deputy Commissioner which sets forth the grounds of protest actually urged to payment of the tax. Those grounds were as follows:

"The taxpayer says that said revenue agent's report is erroneous (1) in that he used the book value of the taxpayer's stock in the Osage Mercantile Company on March 1, 1923, instead of the fair market value thereof as a basis for determining the gain derived therefrom at liquidation, and (2) in that he did not deduct from the capital and surplus of said company at date of liquidation, the full amount of its outstanding liability, and (3) in that he did not take into account the reduction of the value of the assets of said company at liquidation, its certain outstanding obligation to W. T. Mosier which the stockholders assumed upon liquidation. In all other respects the taxpayer accepts the revenue agent's report."

It appears, therefore, that the grounds relied upon in the petition for refund are entirely different from those contained in the claim for refund. Hence, the above point raised by the collector must be determined. We think the collector is right for the reasons following:

This is a suit against the government in connection with the imposition and collection. of the general revenue, which is a prime governmental function; such character of actions can be maintained only when permitted by the sovereign and only upon the conditions imposed by the sovereign. Such character of: action is permitted by the statute but certain conditions are required as a condition precedent thereto. One of these conditions is that a claim for refund shall first be made to the Commissioner of Internal Revenue and a period of six months allowed for his determination thereof. The evident purposes and objects of this condition are to afford the Commissioner an opportunity to correct errors made by his office and to spare the parties and the courts the burden of litigation in respect thereto. Unless the claimant were required to present to the Commissioner all of the grounds upon which he relies for refund, the above purposes and objects would be partially or entirely defeated. The resort to the courts is allowed only because the Commissioner will not correct the wrong claimed to have been done. The purposes of requiring the claim and the object of the resort to the courts would be in part or wholly defeated unless the claim contained all of the grounds relied upon by the claimant. Therefore, we think it is a required precedent or limitation that the action shall be upon the same grounds and only such as are presented in the claim. As no ground in this petition is stated in the claim for refund, we think this petition has no standing under the issues tendered by the petition and that the determination of the court as to this major claim was correct.

[2] The minor claim affects only costs and arises out of the fact that the Commissioner allowed a refund of $216. The tax was paid, under protest, on October 30, 1923; the claim for refund was filed early in November, 1923; this action was filed October 7, 1924; the ruling and above refund on the claim was made by the Commissioner April 24, 1925. The Commissioner had, under the statute, six months after the claim was filed within which to determine the claim and within which time plaintiff could not bring suit. As the Commissioner did not act within that period, the plaintiff was within his rights in bringng suit. If he had based his suit upon any ground contained in the claim and the above refund had been all or a part of the sum claimed under such ground, we think the plaintiff would have been entitled to his costs herein. But no refund of the above sum could have been secured under this petition; it was not secured because of the suit nor would the early announcement of such refund have obviated necessity for the suit nor have prevented it being brought. Under these conditions, we think the plaintiff has no right to his costs herein.

The judgment should be and is affirmed.