**UNION TRUST CO. OF PITTSBURGH et al. v. McCAUGHN, Collector of Internal Revenue.**

District Court, E. D. Pennsylvania. August 12, 1927.

No. 11524.

1. **Internal revenue ☞38(7)—Application for refund is condition precedent to action for additional estate tax paid under protest.**

Application for refund is condition precedent to jurisdiction of court in action against collector of internal revenue to recover part of additional estate tax paid under protest.

2. **Internal revenue ☞38(11)—In action to recover estate tax paid under protest, statement, to which was attached notice of rejection from Commissioner of Internal Revenue, showing claim was considered and rejected, held to state sufficient cause of action.**

In action against collector of internal revenue to recover part of additional estate tax paid under protest, statement, to which was attached copy of notice of rejection from Commissioner of Internal Revenue, showing that claim involved was considered and rejected, held to set out sufficient cause of action, as against contention that it did not exhibit claim for refund, nor show that claim was specifically presented to Commissioner.

3. **Internal revenue ☞36—Commissioner of Internal Revenue may waive defect or informality in application for refund of estate tax.**

Commissioner of Internal Revenue, considering application for refund of additional estate tax paid under protest, has right to waive any defect or informality in application.

4. **Trusts ☞21(2)—Trust insured attempt to establish by making life policy payable to wife "in trust" failed for failure to name certain beneficiary.**

Where insured took out life policy payable to his wife "in trust," attempted trust failed for failure to name certain beneficiary in declaration.

5. **Trusts ☞68—Where trust, attempted to be established by husband, making proceeds of life policy payable to wife in trust, fails for want of named beneficiary, resulting trust arises in favor of donor.**

Where express trust, which insured attempted to create by making life policy payable to wife "in trust," fails because of want of named beneficiary, resulting trust arises in favor of donor; rule that, in cases of voluntary conveyance to wife, no resulting trust for donor arises, being inapplicable, where it is apparent that donor did not intend grantee to take beneficial interest.

6. **Internal revenue ☞8(5)—Proceeds of life policy payable to wife "in trust," which were not disposed of by will, held subject to estate tax (Revenue Act 1918, § 402 [a] [f]; Comp. St. § 6336¾c).**

Where testator bequeathed half of insurance to wife, the other half, undisposed of by will, held properly included as subject to estate tax within Revenue Act 1918, § 402 (a), being Comp. St. § 6336¾c; subdivision (f) being inapplicable; notwithstanding that, under policy, proceeds were to be payable to wife "in trust."

7. **Trusts ☞20—Where proceeds of life policy were payable to wife in trust, wife took both beneficial and legal interest in half of proceeds bequeathed to her by insured.**

Bequest to wife of one-half of proceeds of certain life insurance policy made payable to wife "in trust" held to operate as declaration of trust, which became complete on death of testator, so that wife took both beneficial and legal interest.

**8. Trusts ⊙⇒21(1)—No particular formality is necessary to create trust of personalty.**

No particular formality is required or necessary to create trust of personal property, all that is required being written evidence supplying every essential detail.

**9. Trusts ⊙⇒112—Trust, when proved, relates back to time of creation.**

When trust is proved, it will relate back to its creation, no matter how late the proof.

**10. Insurance ⊙⇒585(1)—Rights of insurance beneficiary arise under contract of insurance.**

Under contract of insurance, rights of beneficiary do not arise from death of insured, but under the contract; date of the death being merely time when insurers become obligated to pay and beneficiary is entitled to receive proceeds under such contract.

**11. Trusts ⊙⇒112—Where proceeds of life policy were payable to wife in trust, bequest in insured's will, completing trust, related back to time policy was taken out.**

Where proceeds of life policy were made payable to insured's wife in trust, without naming beneficiary, provision in will bequeathing half of proceeds to wife, by which trust was completed, related back to time when policy was taken out.

**12. Internal revenue ⊙⇒8(5)—Where proceeds of life policy were payable to wife in trust, half of proceeds bequeathed to wife in insured's will held not subject to estate tax (Revenue Act 1918, § 402, subd. [a]; Comp. St. § 6336¾c; Pa. St. 1920, § 12262).**

Where proceeds of life policy were made payable to insured's wife in trust, without naming beneficiary, half of proceeds, bequeathed to wife in will, *held* not subject to estate tax, within Revenue Act 1918, § 402 (a), being Comp. St. § 6336¾c, since bequest completed trust, and under Act Pa. May 17, 1919, § 1 (P. L. 207; Pa. St. 1920, § 12262), such proceeds were exempt from claims of insured's creditors.

At Law. Action by the Union Trust Company of Pittsburgh and another, executors under the will of Richard G. Park, deceased, against Blakely D. McCaughn, Collector of Internal Revenue for the First District of Pennsylvania. Judgment entered for plaintiff for one-half of amount claimed.

MacCoy, Evans, Hutchinson & Lewis, of Philadelphia, Pa., for plaintiffs.

George W. Coles, U. S. Atty., of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge. This is an action brought by the executors of the will of Richard G. Park to recover the sum of $10,100, which is a portion of an additional estate tax paid under protest. The case is before the court upon an affidavit of defense in the nature of a demurrer filed by the defendant.

[1, 2] The first point raised by the defendant under his demurrer is that the statement of claim is insufficient, in that it does not exhibit the claim for refund which it alleges was filed and rejected, and does not allege or show that the ground upon which this action to recover the tax is based was specifically presented to the Commissioner in the claim for refund.

An application for refund is a condition precedent to jurisdiction of a court in a suit of this nature. Tucker v. Alexander (C. C. A.) 15 F.(2d) 356; Red Wing Malting Co. v. Willcuts (C. C. A.) 15 F.(2d) 626, 49 A. L. R. 459. It has also been held that it is necessary that the action be upon the same grounds and only such as are presented in the claim (Tucker v. Alexander, supra), though a recent decision of the District Court for the District of Connecticut (Union & New Haven Trust Co. v. Eaton, 20 F.[2d] 419) holds otherwise.

No copy of the claim for refund is attached to the statement. The statement of claim does allege that "plaintiff duly filed with defendant claim for refund in the sum of $11,854.79," and that the claim was rejected, and at the argument a motion to amend the statement by attaching a copy was made and the amendment allowed. An inspection of the paper shows that it does not include the claim now made. However, a copy of the notice of rejection from the Commissioner of Internal Revenue is attached to the statement, which contains the following:

| "Mortgages, Notes, Cash, and Insurance. | Returned. | Determined. | Adjusted. |
|---|---|---|---|
| Equitable Life Assurance Society policy | $101,000 | $101,000 | $101,000 |

"It is contended by the estate that the ruling of the bureau in including in the decedent's gross estate all of the above insurance is erroneous. A further review has been made by this office in connection with the above protest, careful consideration being given to the brief submitted by the estate on the question involved. The bureau is, however, unable to change its former ruling, arrived at as the result of the conference held in this office, and therefore the determination, as shown in the closing letter, will be adhered to. Your claim in connection with this question is, therefore, rejected."

From this it appears that the matter of

the inclusion of the life insurance policy in the decedent's gross estate, which is the basis of this suit, was presented to the Commissioner, and that it was considered and rejected by him. As stated in the opinion in Tucker v. Alexander, supra: "The evident purposes and objects of this condition are to afford the Commissioner an opportunity to correct errors made by his office and to spare the parties and the courts the burden of litigation in respect thereto."

[3] If these objects have been attained, the statute has been sufficiently complied with, even though some of the grounds upon which the claim was made were not specifically set forth in the application. It is apparent from the letter of the Commissioner that he had before him the question now raised, and that he had full opportunity to reconsider and modify the ruling of his office, had he deemed the ruling erroneous. He also, of course, had the right to waive any defect or informality in the application for refund, and, in view of his letter, he will be held to have done so. I am therefore of the opinion that, so far as this requirement of the statute is concerned, the statement sets out a sufficient cause of action.

The principal contention of the defendant is that the statement of claim does not set forth a cause of action, for the reason that, from the facts as disclosed by the statement of claim, the property upon the value of which the tax involved in this refund was determined was properly included in the decedent's net estate by the Commissioner. The statement of claim alleges that, in assessing the additional tax which the plaintiffs paid under protest and are now seeking to recover, the Commissioner of Internal Revenue included as part of the gross estate the proceeds of a certain life insurance policy in the Equitable Life Insurance Society of the United States upon the life of the decedent in the sum of $101,000. This policy was taken out by the decedent on March 24, 1897, and made payable to "Anna L. Park, wife of Richard G. Park, in trust." The right to change the beneficiary was reserved to the insured, but it was never exercised, and at the death of the decedent the beneficiary remained as originally named.

The decedent's will provided, inter alia, as follows: "To my dear wife, Anna L. Park, I bequeath one-half (1/2) the proceeds of the insurance on my life in the Equitable Life Assurance Society of the United States, absolutely." The policy was not further referred to in the will, nor did the decedent at any time make or give any further written or oral directions relating to the disposition of the whole or of the balance of the proceeds of the policy.

Richard G. Park died on December 27, 1919, and the portions of the Revenue Act of 1918 in force at that time, which the government relies on, are as follows:

Section 402 (Comp. St. § 6336¾c):

"That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate."

The question involved is whether all, or one-half, or none, of the proceeds of the policy should have been included in the value of the gross estate of the decedent under either of the above provisions. It may be said parenthetically that subdivision (f) of section 402 of the Revenue Act of 1918 has no application to this case. In Lewellyn v. Frick, 268 U. S. 238, 45 S. Ct. 487, 69 L. Ed. 934, it was held that a similar provision of the Revenue Act of 1919 would not be construed as intended to apply retroactively to policies taken out prior to the enactment of the statute, and of course the reasoning of that case applies here.

Taking up, first, the half of the proceeds undisposed of by the decedent's will: When the decedent, upon taking out the policy, directed that its proceeds should be payable in the manner in which he did, he was attempting to create an express trust as to the fund arising at his death. He named his wife only in the capacity of trustee. The addition of the words "in trust" absolutely negative the idea that he had any purpose that she should take a beneficial interest in the fund. If further evidence of his intention in this regard were needed, the fact that he included a clause in his will bequeathing her one-half of the proceeds of the policy absolutely, making no mention of the other half, would supply it.

[4] It is evident that the trust failed. It is well settled that, in order to create a valid express trust, there must be a certain beneficiary named in the declaration of trust. "If there is a single postulate of the common law, established by an unbroken line of decision, it is that a trust without a certain beneficiary who can claim its enforcement, is void, whether good or bad, wise or unwise."

Levy v. Levy, 33 N. Y. 107. "But if no cestui que trust is named, or so designated that he can be identified, the court cannot carry a trust into effect, however clearly it may be created in other respects." Perry on Trusts, § 95.

The case of Beck's Appeal, 116 Pa. 547, 9 A. 942, relied upon by the plaintiff, is not authority to the contrary. That was a case of a general power of appointment. The court held that no trust was involved, but that the gifts to the persons or institutions to be selected by the executor were direct, and that the beneficiaries, when the selection was made, would act "precisely as if the testator had himself made the selection, and their names had been set forth in the will."

[5] Where an express trust fails because of the want of a named beneficiary, a resulting trust arises in favor of the donor. "If an attempt to create an express trust fails, it is as if the attempt had not been made, and therefore no rights or interests are created by the instrument. The beneficiaries are not entitled to take the property on the theory that the trust feature alone of the devise or conveyance has failed, nor is the trustee entitled to the gift for his own benefit on the theory that, as the trust is void, he takes the property free therefrom. In such a case a trust results in favor of the donor or his heirs." 26 R. C. L. 1216; Bancroft v. Russel, 157 Mass. 47, 31 N. E. 710; Emmons v. Grand Lodge, 4 Boyce (Del.) 272, 88 A. 459. The last two cases cited involve proceeds of insurance policies.

The plaintiff argues that the rule stated does not apply in this case, because the designated trustee was the donor's wife, and invokes the rule that, in cases of voluntary conveyance to the wife, no resulting trust for the donor arises, and the grantee takes the beneficial interest. That rule has, however, no application where it is apparent from the terms of the instrument itself that the donor does not intend the grantee to take a beneficial interest. The rule is an exception to the general principle that, in case of a voluntary conveyance, a resulting trust in favor of the grantor will be presumed, and it arises from the counter presumption that, where a conveyance is made by a man to his wife, it is presumed from the conjugal relation that he intended to benefit her. Where there is a definitely manifested intention that the wife shall take the legal title as trustee only, there is no room for any presumption to arise, and no trust will result. "No rule can be stated that it will determine when a conveyance will carry with it a beneficial interest, and when it will be construed to create a trust; but the intention is to be gathered from each case from the general purpose and scope of the interest. A conveyance to a wife or child will be presumed to carry a beneficial interest, but such consideration is only a circumstance of evidence." Perry on Trusts, § 151.

[6] I therefore conclude that, as to the half of the proceeds of the insurance undisposed of by the will, the wife of the decedent took no beneficial interest, but that the same formed part of the gross estate of the decedent, and was properly included in it by the Commissioner.

[7-9] As to the other half of the proceeds: The clause in the will clearly operates as a declaration of the trust, and upon the death of the testator the same was complete, and the wife took both the beneficial and the legal interest. "There is no particular formality required or necessary in the creation of a trust. All that is required is written evidence supplying every essential detail of the trust, * * * nor is it necessary that the letters, memoranda, or recitals should be addressed to the cestui que trust, or should have been intended when made to have been evidence of the trust. * * * The trust thus proved, how late the proof, will relate back to its creation." Perry on Trusts, § 82.

[10, 11] In considering the effect of the trust finally effectuated by the will, it cannot be said that the contract of insurance is one thing, and the manner of proceeds entirely a separate thing, and that the trust related only to the proceeds, and therefore did not come into existence until the testator's death. Under a contract of insurance, the rights of the beneficiary do not arise from the death of the insured. "Their rights arose under contracts of insurance. The date of death is simply the time when the insurers became obligated to pay, and the beneficiaries entitled to receive, the proceeds of the policies under their contract." Frick v. Lewellyn (D. C.) 298 F. 803, 811. The Supreme Court of Massachusetts, in passing upon the nature of the rights of the beneficiaries under insurance policies, said: "The rights of the beneficiary are vested when the designation is made in accordance with the terms of the contract of insurance. They take complete effect as of that time. They do not wait for their efficacy upon the happening of a future event. They are in no wise modified or increased at the time of the death of the insured." Tyler v. Treas. and Receiver Gen., 226 Mass. 306, 115 N. E. 300, L. R. A. 1917D,

633. This is a correct view of the nature of the contract of insurance, and it follows that the provision in the will by which the trust was completed related back to the time when the policy was taken out.

[12] It also follows that the policy is made for the benefit of the wife, and comes within the terms of the Pennsylvania statute of May, 1919 (P. L. 207, § 1; Pa. St. 1920, § 12262), which exempts such policy from all claims of creditors of the insured, whether or not the right to change the beneficiaries is reserved or protected. Under the Revenue Act of 1918, in order to be included in the gross estate, property must be "subject to the payment of the charges against his estate." I am of the opinion that, so far as the half of the insurance referred to in the will is concerned, the proceeds would not be subject to the debts of the testator, and would not be subject to distribution as part of his estate. Therefore the inclusion of it in the gross estate was erroneous.

In this case the government concedes the correctness of all the facts set forth in the statement of claim, and no good purpose would be served by permitting a further answer. Judgment will therefore be entered for the plaintiff to the extent of one-half of the amount claimed, or $5,500, with interest from November 9, 1923.