Green, Judge,
delivered the opinion of the court:
This is a suit to recover an overpayment of excess-profits taxes for the year 1917. There is no dispute but that the overpayment was made as alleged for the taxes that were not in fact or law due.
The plaintiff, Swift & Company of West Virginia, is a subsidiary of Swift & Company of Illinois, but the taxes sought to be recovered back were paid by the plaintiff. Within the period fixed by the statute of limitations, the parent company, Swift & Company of Illinois, filed a claim for refund in accordance with and upon a form furnished by the Internal- Eevenue Bureau. This claim stated the name of the taxpayer to be Swift & Company (of Illinois) and affiliated companies, and said that the statement therein contained was made “ on behalf of the taxpayer named.” The blank form was filled as far as space permitted and a statement was made that full details were being filed with the revenue bureau in Washington with respect to the audit for the year 1917. Thereafter, in December, 1923, and in January, 1924, the parent company filed statements setting forth in detail the ground of the aforesaid claim for refund of a portion of the income and war excess-profits taxes paid by the parent company and the other members of the affiliated group for the year 1917. Upon the information so furnished, the Commissioner of Internal Revenue made a reexamination of the consolidated return of net income and invested capital of the affiliated corporations, which had been made for the year 1917 in connection with their books of account and records, and found and determined that these companies had been overassessed in the aggregate *328 of more than a million dollars, and that a net overassessment of Avar excess-profits taxes had been made against the-plaintiff for 1917 of $18,188.40. In a letter dated April 24, 1926T, the commissioner reported these overassessments to the parent company with notice, however, that such over-assessments would not be certified for payment for the reason that no separate claim for the refund of the war excess-profits taxes for the year 1917 had been filed by the affiliated corporations within the time prescribed by the statute of limitations, and that the claim filed by the parent company on or -about February 28,1923, ivas insufficient. On September 3,1927, the plaintiff filed an individual claim for refund for $18,188.40, being the amount which the commissioner-had found to be overassessed against it, and stating therein that the claim was filed for the purpose of -amending the original claim for refund filed by the parent company; but the commissioner has never recognized this claim, and the defendant now insists that the claim originally filed by the parent company was insufficient, that in any event the claim must be made by the plaintiff itself, and that no such claim was made until after the statute of limitations had expired. The plaintiff, on the other hand, contends that the original claim was sufficient, and even if not, that it was full and complete when the parent company filed its supplemental statements. Also, as the original claim was filed on behalf of the parent company and the affiliated companies, the individual claim filed by plaintiff related back to the original claim filed by the parent company and was a proper amendment thereto.
The question involved in the case is whether a claim filed by a parent company on behalf of a subsidiary can be treated as a claim filed by the subsidiary within the meaning of the law.
Section 252 of the revenue act of 1921, 42 Stat. 268, among-other things provides that no overpayment of taxes for the year 1917, “ shall be allowed or made after five years from the date when the return was due, unless before the expiration of such five years a claim therefor is filed by the taxpayer.” Construing this literally, we find that no claim *329 was filed by the taxpayer until after the expiration of the period in limitation. But courts often find that to construe a statute literally is to destroy the spirit of it, and also have always held that the law as a whole which pertains to the subject matter must be taken into consideraion in determining its proper construction and application. Also the Supreme Court has held that in this connection the practice of the department may be considered.
The revenue act of 1917, 39 Stat. 1000, did not expressly provide for the filing of consolidated returns by parent corporations for af&liated groups, but imposed a tax upon individual corporations. The Commissioner of Internal Revenue was, however, authorized to make regulations for the enforcement of the act, and pursuant to the authority so granted, the commissioner promulgated regulations which provided that under certain circumstances two or more corporations would be deemed to be affiliated and required to file a consolidated return. The affiliated group complied with these regulations -and a consolidated return was filed by the parent company, Swift & Company of Illinois. In the United States Refractories Corporation case, 9 B. T. A. 671, 688, the Board of Tax Appeals held that where a consolidated return was required and made—
“ It follows that for the purpose of the taxing statutes the two corporations are to be treated as one and their separate, independent corporate identities are merged into the new taxable entity thus created. * * * All matters affecting the tax liability of either or both members of the group are to be considered in determining the tax liability of the new taxable entity.”
If this rule be correct, it would seem that the original claim filed by the parent company was the proper method of submitting the claim for refund because it took into consideration all matters affecting the liability of any of the group of affiliated corporations. It may be also said that if a consolidated return is required and made of the taxes for all of the affiliated corporations, why may not a consolidated claim for a refund be made, especially when it is necessary to take into consideration in determining whether a refund should be granted, all questions relating to the liability of the *330 other affiliated corporations. Clearly the Government would' not be prejudiced by such a proceeding, but, on the contrary, the whole matter would be better presented thereby. This view finds support in other decisions of the Board of Tax Appeals. In the Farmers Deposit National Bank and Affiliated Banks case, 5 B. T. A. 520, 528, it was held that the affiliated corporations “ were, for the purposes of the income- and profits taxes, one and the same taxpayer ”; and in the case of G. M. Standifer Construction Corporation, 4 B. T. A. 525, 550, a claim filed by the parent company for an amortization deduction on the cost of facilities constructed by an affiliated company was held proper, although the objection was raised that a separate claim should have been filed on behalf of the corporation. This decision was acquiesced in by the Commissioner of Internal Revenue.
The Treasury Regulations of 1929, with reference to consolidated returns of affiliated corporations, now expressly provide that—
“ The parent corporation shall be for all purposes, in respect of the tax for the taxable year for which a consolidated return is made or is required, the agent of each-corporation which during any part of such year was a member of the affiliated group, duly authorized in the name of the parent to act for and represent each such corporation-in all matters relating to such tax; * * * the parent will file claims for refund or credit; * * (Art. 16, Reg. 75.)
There is nothing in the statute which establishes any new principle with reference to this matter. The new regulation simply requires what would have been the correct practice under the former statute, there being no regulation on this matter under the statutes in force at the time the original claim for refund was filed. The Senate committee, in reporting on the provision for consolidated returns, said in substance that it was adopted for the purpose “ of taxing as a business unit what in reality is a business unit.” The Joint Committee on Internal Revenue Taxation presented in 1927 an elaborate report which was supervised by an advisory committee composed of prominent experts in taxation from various parts of the country, and this report,, in Volume III *331 thereof, shows that a claim for a refund is always considered by the Revenue Bureau in connection with the original return on which the tax was assessed; and while the report does not expressly so state, it is evident that both the committee experts and the bureau treated a refund claim in the same manner, as an amendment to the original return.
We think, therefore, that the original claim was proper as an amendment to the original ¡consolidated return, and in connection with the statements subsequently filed by the parent company setting out the claim in more detail, was sufficient. The Commissioner of Internal Revenue had no-difficulty whatever after the filing of these papers in determining that the plaintiff was entitled to the refund. If there was any insufficiency in these statements of the parent company taken together, it was, we think, merely one of form and could be cured by such an amendment as the plaintiff subsequently filed, although it was made after the expiration of the period of limitations.
It should be noted also that when the Government required a consolidated return to be filed, and also presented to the interested parties a form of a claim for refund which permitted the claim to be filed on behalf of more than one party,.it naturally led the parent company and the plaintiff to believe that the proper method was to file a consolidated claim for refund as well as a consolidated return. As was said in Tucker v. Alexander, 275 U. S. 228, the statute and the regulations “ are devised, not as traps for the unwary but for the convenience of Government officials in passing upon claims for refund and in preparing for trial.” They should undoubtedly be so construed, if it can be fairly done, as to protect the Government in the collection of its revenues and within reasonable bounds enable.it to review tax claims in a convenient and practical manner. But here it can not be said that there was anything inconvenient and impracticable presented by the method which has been pursued by the plaintiff. On the contrary, if anything, the manner in which it was done was best adapted to a correct determination of the tax liability in question.
We conclude on the whole that plaintiff’s claim for refund has been properly presented, and that it accordingly is en« *332 titled to recover the amount which the commissioner found it had been overassessed and had paid. Judgment will be entered accordingly.
SiNNOtt, Judge; Moss, Judge; Graham, Judge; and Booth, Chief Justice, concur.