## ART METAL CONST. CO. v. UNITED STATES.

District Court, W. D. New York. September 23, 1929.

Slee, O'Brian, Hellings & Ulsh, of Buffalo, N. Y. (John Lord O'Brian and Ralph Ulsh, both of Buffalo, N. Y., of counsel), for plaintiff.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Richard A. Grimm, Asst. U. S. Atty., of Buffalo, N. Y., and Ralph S. Scott, Sp. Atty., for Department of Internal Revenue, of Washington, D. C., of counsel), for the United States.

HAZEL, District Judge. In this action for recovery of $41,146.12 with interest, representing an overpayment on a conceded overassessment of income and profit taxes for 1918–19, the questions involved are: First, whether the statute of limitation bars recovery; and, second, whether the original claim for refund filed by plaintiff was defective and insufficient in failing to ask the benefit of special assessment; and, third, whether the claim was subject to amendment before rejection. The facts, stated briefly as possible, show that for the calendar year of 1918, plaintiff's tax amounted to $538,-798, which was paid in quarterly installments. After a litigation to test plaintiff's right to special assessment of the tax imposed for the year 1917 on the return filed in 1918, which ended in favor of plaintiff, the Board of Tax Appeals determining that, because of certain abnormalities in plaintiff's invested capital, arising from ownership of patents, a right, under sections 327,-328 of the Revenue Act of 1918 (40 Stat. 1093), of special assessment existed. At the request of the Commissioner, plaintiff by waiver enlarged the time for making assessment of any additional tax, and thereby the time to file claim for refund arising from overassessment was extended to April 1, 1925. The Commissioner formally acquiesced in the decision by the Board of Tax Appeals. Prior thereto, on February 26, 1924, during the pendency of said litigation and within five years of the payment of the tax of 1918–19, a general claim for refund of any sum was properly filed by plaintiff

stating that, because of future court cases, treasury rulings, or for other reasons, it may appear that the assessment now in controversy was illegal. After the expiration of the waiver of December 18, 1923, three other waivers were filed, at the request of the Commissioner, so as to keep alive the pending proceeding, and on July 8, 1925, a brief was submitted in support of plaintiff's claim for refund allowance under the special assessment provision of the statute. The Commissioner, it appears, reaudited plaintiff's income and profits tax for 1917, under the special assessment provision, and later determined that there had been an overassessment of $41,000 for the year 1918, and a deficiency of $34,185.70 for 1919. The Commissioner's letter to plaintiff apprising it of the overassessment stated that as the original claim for refund did not specifically ask for special assessment, under section 3228 of the Revised Statutes (26 USCA § 157), the claim was barred by the statute of limitations. There was failure to extend the initial waiver after its expiration, and, though subsequent waivers were filed, as heretofore stated, and accepted, the Commissioner also asserted in his letter of rejection, after recomputation, that plaintiff was estopped from claiming a refund under the special assessment provision, inasmuch as the statute of limitation expired because of the failure to seasonably file a waiver after the first waiver had expired. In view of the fact, however, that a claim for refund had actually been filed at this time, and the detailed facts upon which it was based were fully known to the Commissioner, his omission to request data and his requests for additional waivers from time to time strongly indicate that he completely understood plaintiff's real grounds for refund.

Moreover, the original claim, prior to rejection, was practically amended by plaintiff's letter of protest, dated May 21, 1925, wherein the specific claim was included for reassessment under the special assessment provision (section 326) of the Revenue Act of 1918 (40 Stat. 1092). It clearly was the duty of the Commissioner to make refund of a tax when there was overpayment, and upon failure so to do, the taxpayer has a right of recovery, provided he has filed a proper claim for refund. It is true that such a claim must be filed within the limited period to justify a refund, and regulations of the Commissioner (article 1304, Reg. 69) having the force of law require that the claim shall state the facts or specific errors upon which reliance is placed. The grounds must be set forth or understandingly brought to the attention of the Commissioner. Nicholl v. U. S., 7 Wall. 122, 19 L. Ed. 125; Maryland, etc., v. U. S., 251 U. S. 342, 40 S. Ct. 155, 64 L. Ed. 297. Assuming the insufficiency of the original claim for refund, it is nevertheless important to note that the Commissioner retained it without objection until the statute of limitation expired, and as the entire litigation concerning the tax of 1917 related to plaintiff's application for special assessment, and the letter amending the original claim specifically related thereto, I am of opinion that the Commissioner treated the insufficiency as a mere informality. His subsequent audit on the basis of special assessment supports this view, and to my mind clearly indicates that he fully understood the purpose of the original claim. The principle of the following adjudications, in my opinion, applies. Union, etc., Trust Co. v. Eaton (D. C.) 20 F.(2d) 419; Union Trust, etc., Co. v. McCaughn (D. C.) 24 F.(2d) 459; Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253.

Nor does the delay in filing the second waiver bar recovery, for amendment to a claim for refund may be submitted even though the statute of limitation has expired. Upon this point, see Swift & Co. v. U. S., 67 Ct. Cl. 322, decided March 18, 1929. I do not agree with the government's contention that the Commissioner was deprived of power by the failure to file the waiver within the precise time required by the statute, since he continued to treat the claim for refund as though it fully complied with the regulations. We are not dealing with a waiver of the statute of limitations or loss of jurisdiction or statutory power by the Commissioner, but rather with a waiver of a departmental regulation promulgated for the convenience of taxing officials, and to enable them to properly discharge their duties and prevent litigation. The lapse of the plaintiff in seasonably filing the second waiver did not, in my opinion, preclude a subsequent amendment or modification or expansion of the original claim for refund, even though the complete claim was not included in the office form. The adjudications cited by the government, pointing out the absolute necessity for specificness in a claim for refund as a condition precedent, have not been overlooked, but I think the facts in those cases are not as strong as here, where the Commissioner, before rejection of the claim, regardless of failure to specify the particular grounds, nevertheless gave consideration

to the special assessment feature in relation to the tax in controversy. In no manner was he misled. His eyes were open to the precise question upon which the refund is based, and he acted by admitting the over-assessment. He made corrections, additions to the tax and deductions, and, by reason of plaintiff's waivers giving additional time for determination, it became possible for him to assess a deficiency for 1919. He acted within the scope of his authority and his acts of commission or omission may properly be considered when principles of estoppel are invoked. The claim for refund as to form is prescribed by the regulation and was subject to waiver by the Commissioner, and the evidence discloses that he disregarded absence of formality. Tucker v. Alexander, supra; Union Trust Co. v. McCaughn (D. C.) 24 F.(2d) 459; Ritter v. U. S. (C. C. A.) 28 F.(2d) 265.

It is my opinion that the defect in the original claim was waived by the Commissioner, who treated it as a sufficient claim; that the statute does not bar recovery; and that the action was brought within the period of limitation. Section 3226, Rev. St. (26 USCA § 156). The findings of fact and conclusions of law submitted by plaintiff set out the evidence in detail more fully than I have done. They are fully substantiated, and I agree to the conclusions of law. Accordingly, plaintiff corporation may have judgment for the overassessed amount of $41,146.12 with interest as demanded in the complaint. So ordered.