## In Re: Falcone Estate

*Howard Yarus*, for executrix.
*Gus Milides*, for claimant.

VAN ANTWERPEN, *J.*, November 4, 1983—Decedent, Dominic L. Falcone, died testate on May 12, 1981, leaving a Last Will and Testament containing the following language:

(3) To the individuals and institution listed below, I bequeath the following sums of money:

(A) To The First National Bank of Allentown, Pennsylvania, I bequeath the sum of $10,000 to

hold as Trustee, to administer and distribute for the following use and purpose.

(1) I direct my above-named Trustee to contribute the said sum of $10,000 plus any accrued income to the Election Campaign Fund of any candidate opposing my worst enemy, Joseph Daddona, of Allentown, Pennsylvania, in the quest for any elective public office within the continental United States.

(2) Said sum shall be distributed as a direct donation from my estate and shall be available to any candidate seeking to oppose Joseph Daddona in any primary or general election for public office.

(3) In the event that Joseph Daddona does not seek elective public office or predeceases me, then the said $10,000 shall be distributed pursuant to the terms concerning the remainder and residue of my estate.

On May 19, 1981, a primary election was held in which Joseph Daddona was opposed within the Democratic Party by one Louis Hershman. Mr. Daddona was victorious over Mr. Hershman and became the Democratic Party's candidate for Mayor of Allentown. On May 21, 1981, the last will and testament of the decedent was probated. In a letter, dated June 11, 1981, the First National Bank of Allentown wrote to counsel for the executrix, informing him of the bank's renunciation of its appointment as trustee under the will. (No new trustee has been appointed.)

On November 3, 1981, a general election was held in which Robert G. Smith, Jr., the Republican candidate for Mayor of Allentown, was defeated by Joseph Daddona. The campaign left Mr. Smith's campaign committee with a deficit of $15,900. On December 29, 1981, Mr. Smith filed by letter a claim against decedent's estate, stating that he was

entitled to the $10,000 trust set forth in section 3(A) of decedent's will.

On February 23, 1983, the executrix filed her first and partial account in the Court of Common Pleas of Northampton County, Orphans' Court Division. This account denied Mr. Smith's claim as well as the validity of the bequest in section 3(A). Objections to the account were thereupon filed by Mr. Smith and an answer to the objections was filed by the executrix (who was also a residuary heir.) The account reserved adequate funds to secure the claim, and the first and partial account was adjudicated by the Court of Common Pleas of Northampton County on February 23, 1983, reserving for determination the issue of the claim of Robert G. Smith, Jr. This case is now before us to decide the validity of the bequest in section 3(A) and what rights, if any, Mr. Smith has to the $10,000 trust.

"To create a trust, three elements must concur: Sufficient words to create the relation, a definite subject, and a certain and ascertained object." Myers v. Harris, 6 D.&C. 2d 155, 161, (1956). Moreover, " '[i]n A.L.I. Restatement of the Law of Trusts §112, it is stated that: "A trust is not created unless there is a beneficiary who is definitely ascertained at the time of the creation of the trust or definitely ascertainable . . . ." ' " Id. at 160 (quoting Provident Trust Company, Exec., et al. v. Lukens Steel Company, 359 Pa. 1, 7, 58 A.2d 23 (1948).

In the instant case, finding the first two elements of a valid trust presents no problem. There are sufficient words to create a relation and, although the First National Bank of Allentown has renounced its appointment as trustee under the will, it is an axiom of hornbook law that "No trust ever failed for want of a trustee." There is also a definite "subject" in that the res is a sum of $10,000 plus accrued in-

come. It is the third element, the "ascertained" or "ascertainable" object (beneficiary), that presents the most difficulty and which causes this trust to fail.

The language in the will states that only "[i]n the event that Joseph Daddona does not seek elective public office" is the $10,000 to go to the remainder and residue of the decedent's estate. Since Joseph Daddona may go on seeking elective public office until well into advanced old age, this creates a period in which many candidates may arise to oppose him. (Since the vagaries of political life are well-known, they may oppose him on the mayoral or even on the gubernatorial or senatorial levels.) There is no language in the will that the first candidate-claimant is to take; the language used is "any candidate." Nor was Mr. Smith the only candidate to oppose Joseph Daddona in 1981. Louis Hershman would also seem to qualify as "any candidate seeking to oppose Joseph Daddona in any primary . . . election for public office."

In the future, there may be other primary and general elections in which Mr. Daddona will be a candidate. Therefore, his opponents in these elections will also qualify as "any candidate opposing my worst enemy, Joseph Daddona, of Allentown, Pa., in the quest for any elective public office within the continental United States". How is the trustee to choose among this exceedingly indefinite and amorphous group of candidates?

The description given in section 3(A) of the will is entirely too vague and nebulous to characterize the beneficiary of this trust as "ascertained" or "ascertainable". It is for this reason that the trust fails. "But if no cestui que trust is named, *or so designated that he can be identified*, the court cannot carry a trust into effect however clearly it may be created in

other respect." (Emphasis added.) Union Trust Co. of Pittsburg v. McCaughn, 24 F.2d 459, 462 (E.D. Pa. 1927).

In only one instance will a trust be held valid where the object is uncertain and that is where the trust is a charitable one. Mann v. Mullin, 84 Pa. 297 (1877). Bequests whose objects are merely political, however, have been held not to qualify as "charitable". Deichelmann Estate, 21 D. & C. 2d 659 (1959); Boorse Trust, 64 D. & C. 447 (1948). In the instant case, the objective is clearly a partisan political purpose rather than one imbued with general social significance. Therefore, not even the "charitable trust exception" can save this trust from failing for want of a definite beneficiary.

Since we have based our conclusion that the lack of a definite beneficiary defeats both the validity of the trust and Robert G. Smith's rights to it, we do not reach the other issues raised by the parties in their briefs.

Wherefore, we enter the following

### ORDER OF COURT

And now, this November 4, 1983, the trust set up in section 3(A) of the last will and testament of Dominic L. Falcone is hereby declared invalid and Robert G. Smith, Jr.'s claim to it is hereby denied and dismissed.