### HICKS *v.* JAMES' ADM'X.

*(Circuit Court, E. D. Virginia. January, 1882.)*

INTERNAL REVENUE—RECOVERY OF TAXES ILLEGALLY PAID—PRESENTATION OF CLAIMS —LIMITATIONS.

A claim for the refunding of taxes alleged to have been illegally collected was made to the commissioner of internal revenue upon form 47, prescribed by the department for claims "for the remission of taxes improperly assessed," instead of upon form 46, for claims "for taxes improperly paid," and was rejected. After a long delay, caused by loss of papers by the department, it was at length presented on form 46, supported by the proper affidavits. Act Cong. July 13, 1866, c. 184, § 19, as amended by Act Cong. June 6, 1872, c. 315, § 44, declares that no suit shall be maintained to recover taxes illegally collected until claim has been made to the commissioner and a decision had thereon, or until the decision has been delayed for more than six months; and that no suit can be brought more than one year after his decision. *Held*, that the claim was not in shape for decision on the merits until the last presentation, and, the decision being delayed more than six months, suit could be brought, notwithstanding that more than a year had elapsed since the first rejection, and that the commissioner refused to act on the ground that the first rejection was final.

At Law. Action by S. D. Hicks against the administratrix of William James, deceased, to recover taxes alleged to have been illegally collected by him as United States internal revenue collector, at Richmond, Va.

Upon the subject of refunding taxes, Act Cong. July 13, 1866, c. 184, as now embodied in Rev. St. U. S. § 3220, provides, among other things, that "the commissioner of internal revenue, subject to regulations prescribed by the secretary of the treasury, is authorized, on appeal to him made, to remit, refund, and pay back all taxes erroneously

or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount or in any manner wrongfully collected." Section 19 of the same act, as amended by the act of June 6, 1872, c. 315, § 44, (Rev. St. U. S. § 3226,) provides, in substance, that no suit shall be brought to recover taxes illegally or erroneously collected, unless an appeal has first been taken to the commissioner of internal revenue, and a decision thereon had by him: provided, that a suit may nevertheless be brought if his decision is delayed more than six months, but that no suit shall be brought more than a year after a claim is rejected.

HUGHES, J. This is an action for the recovery of $3,292.95, claimed to have been illegally collected for taxes claimed to have been not really due, on 218¾ boxes of manufactured tobacco, which were claimed to have been removed from the place of manufacture previously to the 1st September, 1862, and therefore not subject to the tax imposed by the act of July 1, 1862, "to provide internal revenue," etc. The defendant's intestate, William James, was collector of internal revenue at Richmond, Va., and the tax was paid by the plaintiff, under protest, in October, 1865, to him as collector. A claim, dated December 23, 1865, was filed in the office of the commissioner of internal revenue at Washington by the plaintiff on the 8th February, 1866, for this identical sum of $3,292.95. That claim was made on form 47, entitled "For the remission of taxes improperly assessed," which, under regulations of the department, was and is used only in cases where the amount of taxes assessed is alleged to have been excessive; and the claim is only for the reduction of the assessment, but not for the refunding of taxes which have already been actually paid. It seems that plaintiff's attorney or agent in the matter, confounded form 47 with form 46, which latter is the form required by the regulations of the department to be used where the claim is for the refunding of taxes already paid to the collector, its caption being "Claim for taxes improperly paid." This claim for the correction of an assessment was formally rejected by the commissioner of internal revenue, because, as I presume, it was made on a wrong form. It was rejected by a letter from the commissioner to the collector dated the 10th of May, 1866. Some time after the filing of this claim, to-wit, on the 9th of March, 1866, the plaintiff filed his claim in the office of the commissioner, made out this time on the proper form,—46,—but not supported by the certificate either of the assessor, or assistant assessor, or collector of the district, which is required to accompany every such claim, by regulations of the department. This claim was also rejected by the commissioner, in the same letter of May 10, 1866, already mentioned. It was rejected, I presume, because of its lack of the certificate of some proper officer of the revenue in the district, as required by regulations of the department. Afterwards, to-wit, on the 8th day of January, 1868, the claim was again filed with the commissioner by the plaintiff, this time on the proper form,—46,—and this time accompanied by the certificate of the proper officer, as required

by the regulations of the department. Thus it seems this claim was never, until January 8, 1868, before the department in a form in which it could be considered and rejected on its merits, in accordance with what I conceive to be the meaning of section 19 of the act of July 13, 1866, (14 St. at Large, 152.)

Somewhat voluminous affidavits and proofs were filed in support of this claim; but the papers belonging to it were by some accident lost by the department, and were afterwards imperfectly substituted and supplemented by other papers. Much delay resulted from this accident, during which counsel for the plaintiff, though quite persistent, was unable to obtain a consideration (or reconsideration) of the claim by the commissioner. Such action seems to have been prevented by an awkward discrepancy of opinion between the commissioner and the counsel of plaintiff as to whether or not this claim had been rejected on the 10th of May, 1866. The commissioner insists that it was rejected then, while counsel for plaintiff contends that the claim was never before the commissioner in form to be considered on its merits until the 8th January, 1868, when it was properly presented on form 46, and sufficiently supported by official certification. I think myself that not until January 8, 1868, did the plaintiff's claim come before the department in a form in which it could be decided on its merits. I think, moreover, that section 19 of the act of July 13, 1866, contemplates that before suit can be brought for the refunding of a tax claimed to have been improperly collected it must have been rejected by the commissioner of internal revenue on its merits; otherwise claimants could intentionally present their claims in irregular form for the purpose of enabling themselves, by their rejection, to bring suits in the courts in contravention of the object of the law. The claim which plaintiff's agent or attorney made him present in February, 1866, on form 47, was not really the one he was entitled to make. It was not an improper assessment of the tax which he sought to have corrected, but the improper collection of a tax which he sought to have rectified by repayment. The claim he presented on the 9th of March, 1866, on form 46, would have been the claim which the plaintiff was entitled to prefer in the manner contemplated by section 19 of the act of July, 1866; but this claim, by not having the certificate required by the regulations of the department, was not before the commissioner in a manner in which it could be considered on its merits, or considered at all, except for the purpose of rejection for irregularity. The claim, therefore, was before the commissioner for the first time in a manner to be considered on its merits, on January 8, 1868; and the only question is whether the commissioner's letter of January 22, 1879, was a rejection of the claim as filed on the 8th January of the preceding year. That letter erroneously treats the claim then filed as identical with that which had been filed two years before on the 8th February, 1866; and, in insisting, though erroneously, that the rejection of the claim on form 47 was a rejection of the subsequent claim preferred on form 46, was in fact and effect a rejection of the latter claim. That being so, and the claim of January 8, 1868, having been before the commissioner for a longer

period than six months, it is not barred either by section 19 of the act of July, 1866, or section 44 of the act of June, 1872, (17 St. at Large, pp. 257, 258.) Judgment must go accordingly.