## PHEZ CO. v. UNITED STATES.

## NORTHWEST FRUIT PRODUCTS CO. v. SAME.

District Court, D. Oregon. December 19, 1927.

Nos. 9863, 9862.

1. **Internal revenue ⊜⇒36—Claim for refund of taxes paid on sweet cider and loganberry juice, advising Department of ground of refund and listing payments with dates thereof, held sufficient (Revenue Act 1918, § 628 [Comp. St. § 6161½d]).**

Claim of taxpayer for refund of amount collected as tax on sweet cider and unfermented loganberry juice, under Revenue Act 1918, § 628, 40 Stat. 1057 (Comp. St. § 6161½d), held sufficient, where it listed various payments made with dates, and advised Department of ground on which refund was sought, though claim did not specify particularly the items involved, nor indicate which payment was for cider and which for loganberry juice.

2. **Statutes ⊜⇒194—Word in statute following other words of particular meaning, should be construed as applied to products of similar general class.**

Word in statute following other words of particular and specific meaning should not be construed in a broader sense, but as applied to products of a similar general class to those specifically mentioned.

3. **Internal revenue ⊜⇒11—Loganberry juice, to which sugar and water was added, held not taxable as "soft drink" (Revenue Act 1918, § 628 [Comp. St. § 6161½d]).**

Product composed of loganberry juice, with addition of sugar and water before sale, held not taxable as "soft drink" under Revenue Act 1918, § 628, 40 Stat. 1057 (Comp. St. § 6161½d), since mere addition of water would not make it a soft drink within the purview of the statute.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Soft Drinks.]

At Law. Actions by the Phez Company and by the Northwest Fruit Products Company against the United States. Decrees in accordance with opinion.

Carey & Kerr, Chas. E. McCulloch, and Ivan F. Phipps, all of Portland, Or., for appellants.

J. O. Stearns, Jr., of Portland, Or., for the United States.

BEAN, District Judge. The statute under which the tax in question was levied, assessed and collected provides that there shall be "levied, assessed, collected, and paid in lieu of the taxes imposed by sections 313 and 315 of the Revenue Act of 1917 * * * upon all unfermented grape juice, ginger ale, root beer, sarsaparilla, pop, artificial mineral waters (carbonated or not carbonated), other carbonated waters or beverages, and other soft drinks, sold by the manufacturer, producer, or importer, in bottles or other closed containers, a tax equivalent to ten per centum of the price for which so sold." Section 628, Rev. Act 1918; 40 Stat. 1057 (Comp. St. § 6161½d).

Phez is unfermented loganberry juice with sugar added. It is conceded by the government that within the doctrine of Monroe Cider v. Riordan (C. C. A.) 280 F. 624, and Casey v. Sterling Cider (C. C. A.) 294 F. 426, it is not a soft drink or taxable as such. The government therefore admits that the tax on this product was illegally assessed and collected, but it insists that the plaintiff is not entitled to judgment because no proper claim for refund has been made by it.

[1] In March, 1923, the plaintiff filed with the collector of internal revenue a claim on a form provided by the Department for a refund of the aggregate amount of $35,995.28 alleged to have been illegally assessed and collected from it between June 16, 1919, and March 31, 1920, as a tax on sweet cider and unfermented loganberry juice manufactured and sold by it. While the claim does not specify particularly the items involved in this action, nor indicate which payment was for tax on Phez and which for tax on Lo-ju, it does list the various payments made by plaintiff, which includes the items in question with the dates thereof, and advises the Department that a refund is claimed on the ground that unfermented grape juice is not legally taxable under the law. The commissioner was thus given information of the grounds upon which the refund was claimed, and the reason why the taxpayer believed it was entitled thereto. So far as the record shows, no objection was made by the Department to the form of the claim. The case thus differs from that of Tucker v. Alexander (C. C. A.) 15 F.(2d) 356, where the taxpayer bases his action on different grounds from that stated in his claim for refund.

The principal question in the case is whether the product composed of loganberry juice, sugar, and water, sold by the plaintiff under the trade-name of Lo-ju should be classified as "other soft drink" within the meaning of the statute.

The position of the government is that, while pure loganberry juice with sugar added is not a soft drink, it becomes such by the mere addition of water before sale. In other words, one who bottles and sells such a beverage is not required to pay a tax thereon, but, if he merely dilutes it by the addition of water before sale, it thereby becomes a soft drink and taxable. I am unable to concur in this view. "Soft drink" is a general term, including innumerable beverages made up of various compounds. Webster defines it as "any nonalcoholic drink"; the Century, "any drink that is nonalcoholic, as lemonade, ginger ale, tea, etc." Mr. Sales, the government expert, defines it, in substance, as a potable or drinkable nonintoxicating manufactured or compounded sweet beverage, served cold in bottles or in glasses. Mr. Bouvier, in his dictionary, says that "soft drinks include all nonalcoholic beverages, and are commonly understood to mean such beverages as contain a small per cent. of alcohol, but not a sufficient quantity to produce intoxication"—citing Bradford v. Jones, 142 Ky. 821, 135 S. W. 290.

[2, 3] It seems to me, however, that, as indicated by the Monroe Cider and Casey Cases, supra, soft drink as used by the statute is not to be given such a general and broad meaning, but is to be interpreted with reference to the class of products with which it is associated. It follows in the statute words of particular and specific meaning, and should not be construed in the broader sense, but as applied to products of similar general class to those specifically mentioned. O'Neill v. Odd Fellows, 89 Or. 382, 174 P. 148; Virginia v. Tenn., 148 U. S. 519, 13 S. Ct. 728, 37 L. Ed. 537. The beverages specified and named in the statute and with which "other soft drinks" is associated, with the exception of unfermented grape juice, are all manufactured or artificially created or compounded, and in my opinion "soft drinks" was intended to include beverages similarly manufactured or created, and the mere addition of water to an otherwise nontaxable product does not make it such.