## DREYFUSS DRY GOODS CO. v. LINES,
### Former Collector of Internal Revenue.

Circuit Court of Appeals, Fifth Circuit.
February 10, 1928.

No. 5101.

1. **Internal revenue ⊂⊐25—Under 1921 Revenue Act, assessment of deficiency income tax must be against corporation whose return was examined (Revenue Act 1918, § 230 [Comp. St. § 6336⅛nn]; Revenue Act 1921, § 250 [d], 42 Stat. 264).**

Under Revenue Act 1918, § 230 (Comp. St. § 6336⅛nn), and Revenue Act 1921, § 250 (d), being 42 Stat. 264, assessment of deficiency for corporation's income tax must be against corporation whose return was examined, and not against another person, in order that deficiency tax be valid.

2. **Internal revenue ⊂⊐25—Assessment against partnership, which took over corporation's assets, for deficiency in corporation's income tax, held invalid (Revenue Act 1918, § 230 [Comp. St. § 6336⅛nn]; Revenue Act 1921, § 250 [d], 42 Stat. 264).**

Where, in 1919, corporation dissolved and turned over its assets to newly organized commercial partnership, assessment against partnership of deficiency for corporation's income tax for year 1918 held invalid, under Revenue Act 1918, § 230 (Comp. St. § 6336⅛nn), and Revenue Act 1921, § 250 (d), being 42 Stat. 264, which provided for taxing corporations, but gave Commissioner no authority to assess corporation tax against any other person; assessments of taxes against transferee of property of taxpayer being authorized for the first time under Revenue Act 1926, § 280 (26 USCA § 1069).

3. **Internal revenue ⊂⊐25—Assessment against partnership of additional income tax due from corporation was not justified, though tax, if assessed against corporation, was collectable from partnership (Revenue Act 1918, § 230 [Comp. St. § 6336⅛nn]; Revenue Act 1921, § 250 [d], 42 Stat. 264).**

Assessment of additional tax for year 1918 against partnership formed in following year, and taking over property of corporation taxpayer, was not justified by fact that income tax, if assessed against the corporation on which it was imposed, could have been collected by suit against the subsequently formed partnership, because of its acquisition of the corporation's property under similar name, since assessment was not permitted under Revenue Act 1918, § 230 (Comp. St. § 6336⅛nn), and Revenue Act 1921, § 250 (d), being 42 Stat. 264.

4. **Internal revenue ⊂⊐28(1)—Assessment against partnership for additional corporate income tax, if considered as assessment against defunct corporation, did not authorize collection by summary demand under threat of distraint (Revenue Act 1918, § 230 [Comp. St. § 6336⅛nn]; Revenue Act 1921, § 250 [d], 42 Stat. 264; 26 USCA § 116).**

Even if assessment of additional taxes against partnership taking over corporation's property under similar name could be regarded as made against defunct corporate taxpayer, whose return was examined within Revenue Act 1918, § 230 (Comp. St. § 6336⅛nn), and Revenue Act 1921, § 250 (d), being 42 Stat. 264, exaction from partnership of payment of assessment by summary demand, accompanied by threat of distraint, was unwarranted, since Rev. St. § 3187 (26 USCA § 116; Comp. St. § 5909), relative to distraint of taxes, contemplates distraint and sale of goods and chattels only of delinquent taxpayer.

5. **Internal revenue ⊂⊐36—Failure to assert, as reason for allowing refund of tax, that collection was barred, held not waiver of such claim, where facts showing bar were alleged (Revenue Act 1918, § 230 [Comp. St. § 6336⅛nn]; Revenue Act 1921, § 250 [d], 42 Stat. 264).**

Where partnership's claim for refund of taxes paid under protest and assessed against it as additional income taxes for corporation whose property it took over, under Revenue Act 1918, § 230 (Comp. St. § 6336⅛nn), complained of illegal collection and set forth facts indicating five years had elapsed before payment was exacted, failure of partnership to state as reason for allowing refund that no suit or proceeding had been brought within five years after filing return held not waiver of right to assert that suit for collection of additional taxes was barred by Revenue Act 1921, § 250 (d), being 42 Stat. 264.

In Error to the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Suit by the Dreyfuss Dry Goods Company against D. Arthur Lines, former Collector of Interal Revenue, to recover taxes paid under protest. Judgment for defendant (18 F.[2d] 611) and plaintiff brings error. Reversed and remanded.

S. L. Herold, of Shreveport, La. (Thigpen, Herold, Lee & Cousin, of Shreveport, La., on the brief), for plaintiff in error.

Frank J. Ready, Jr., Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., Wayne G. Borah, U. S. Atty., and T. M. Logan Bruns, Asst. U. S. Atty., both of New Orleans, La. (C. M. Charest, General Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The plaintiff in error, Dreyfuss Dry Goods Company (herein called plaintiff), a commercial partnership organized in the year 1919, took over the assets of Dreyfuss Dry Goods Company, Limited, a Louisiana corporation, which was engaged in business in the year 1918, and until February 22, 1919, when it was dis-

solved by a legal surrender of its charter. A "corporation income and profits return for calendar year 1918," filed in May, 1919, contained the following:

"Corporation charter legally surrendered on February 22d, and business ceased to be operated as a corporation, and is now conducted as a partnership."

The tax shown by that return to be due was paid. Pursuant to a demand made in May, 1925, by the collector of internal revenue upon plaintiff for the sum of $19,321.84, based upon an assessment of $18,142.52 as an additional tax for the year 1918, made against plaintiff by the Commissioner of Internal Revenue in February, 1924, upon an audit and examination of said return filed in May, 1919, the plaintiff paid under protest said sum demanded. After plaintiff had unsuccessfully appealed to the Commissioner of Internal Revenue, and after the rejection on August 15, 1925, of its claim (made in May, 1925) for the refund of said amount paid under protest, the plaintiff brought this suit in January, 1926, for the recovery of the amount so paid under protest, with interest thereon. By written stipulation a jury was waived. The evidence without conflict showed the facts above stated. The claim for refund, in addition to a statement of facts above alleged, including a statement that plaintiff was not in existence during the year 1918, contained the following:

"No bill was rendered against Dreyfuss Dry Goods Company, Limited (the corporation). The appeal was denied, and now petitioner of this claim for refund, Dreyfuss Dry Goods Company (the partnership), is obliged to pay the tax in question, together with interest thereon, which payment is being' made under protest, in order to prevent seizure and closing of its place of business, and eventual sale thereon by the collector of internal revenue, to pay a tax which it (the partnership) clearly does not owe, for it was not in existence during the year 1918, and there was no federal income or profits tax on partnerships, as such, for the year 1917. Therefore, the tax and interest in question being illegally collected from the partnership Dreyfuss Dry Goods Company, which amount it does not owe, but which it is being forced to pay under protest to prevent seizure and sale of its business and thus sustaining irreparable injury and embarrassment, the tax is paid, but same should be refunded as a tax illegally collected, for there was no partnership in existence in 1918, hence could owe no tax. The entire file already submitted to the Commissioner of Internal Revenue, through the Income Tax Unit, is hereby referred to and

made a part of this claim for refund by reference, in order to avoid needless repetition."

Judgment was rendered in favor of the defendant after the overruling of a motion, made by plaintiff upon the conclusion of the evidence, for judgment in its favor.

[1, 2] By section 230 of the Revenue Act of 1918 (40 Stat. 1075 [Comp. St. § 6336⅛nn]) a tax at a stated rate was imposed on the net income for the year 1918 of every corporation. By section 250 (d) of the Revenue Act of 1921 the amount of such taxes due under any return made under prior income tax acts shall be determined and assessed by the Commissioner of Internal Revenue within five years after the return was filed, and the taxpayer shall be notified thereof by notice sent by registered mail. 42 Stat. 264. Under the just cited provisions the Commissioner was not authorized to assess the corporation tax against any one other than a corporation upon which the statute imposed the tax. It is to be noted that the assessment of an additional tax, the demand of payment, and the payment under protest which are in question were made before the enactment of section 280 of the Revenue Act of 1926 (26 USCA § 1069), which for the first time authorized assessments of taxes against a transferee of the property of a taxpayer.

At the time of the occurrences in question the making, as provided in section 250 (d) of the Revenue Act of 1921, of an assessment of a deficiency tax against the taxpayer whose return was examined, not against some one other than the taxpayer, was a prerequisite to the validity of a tax in the amount of such deficiency. 37 Cyc. 987. As the plaintiff is not a corporation, and was not in existence in 1918, it was not subject to the tax in question; and an assessment thereof against it would be invalid. An assessment of the additional tax against plaintiff was unauthorized, in the absence of language clearly including plaintiff in the class upon which the tax was imposed or permitting the assessment thereof against one related to the taxpayer as plaintiff was. United States v. Merriam, 263 U. S. 179, 44 S. Ct. 69, 68 L. Ed. 240, 29 A. L. R. 1547.

[3, 4] An assessment of such tax against plaintiff cannot be justified by the fact that, if the tax had been assessed against a corporation upon which it was imposed, it could have been collected by suit against plaintiff, because of plaintiff's acquisition of the property of the corporation. Assuming that, because of the similarity in the respective names of appellant and the taxpayer, the above-mentioned assessment of additional taxes properly may be regarded as one made

against the corporation taxpayer whose return was examined, that assessment did not authorize ,the exaction from plaintiff, by a summary demand, accompanied by an express or implied threat of a distraint of its property, of the payment by it of the amount so assessed. The statute authorizing distraint for taxes contemplates the distraint and sale of goods and chattels of the delinquent taxpayer, not the property of some one other than the taxpayer. Rev. St. § 3187, 43 Stat. 343, U. S. C. title 26, § 116 (26 USCA § 116; Comp. St. § 5909).

[5] Subject to prescribed conditions, a "suit for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected" is maintainable. 43 Stat. 253, § 1011 (26 USCA § 149; Comp. St. § 5944). The plaintiff did what was required to entitle it to sue for and recover the amount illegally collected from it as above stated. The plaintiff urged as one of the grounds of the alleged illegality of the collection complained of that no suit or proceeding for the collection from it of the additional tax assessed was begun within the time allowed by section 250 (d) of the Revenue Act of 1921, no such suit or proceeding against plaintiff having been begun until "after the expiration of five years after the date when such return was filed."

For defendant in error it was contended that the just stated ground of illegality could not be availed of by plaintiff because of its failure specifically to mention that ground in the space provided for a statement of the reasons for allowing a refund in the form for a claim for refund prescribed by article 1036 of Treasury Regulations No. 45 (1920 Ed.). It was plainly disclosed by plaintiff's claim for refund that a suit or proceeding for the collection of the additional tax was barred when the payment of it was exacted from plaintiff. As the claim for refund complained of the illegal collection from plaintiff of the amount paid under protest, and set forth "all facts relied on to support the claim," as required by the above-mentioned regulation, it cannot be supposed that the Commissioner was deceived or misled by a failure of the claim to mention a provision of law applicable to those facts. The claim for refund being sufficient to require a determination by the Commissioner of the question whether the collection complained of was or was not illegal, we do not think he could properly ignore a pertinent provision of law because it was not mentioned in the statement of the claim. Tucker v. Alexander, 48 S. Ct. 45, 72 L. Ed. — (November 21, 1927);

Bowers v. N. Y. & Albany Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676.

We conclude that the court erred in overruling the above-mentioned motion made by plaintiff. Because of that error, the judgment is reversed, and the cause is remanded for a new trial.

Reversed.