**ZELLER et al. v. UNITED STATES.**

District Court, W. D. New York. September 5, 1929.

Slee, O'Brian, Hellings & Ulsh, of Buffalo, N. Y. (John Lord O'Brian and Ralph Ulsh, both of Buffalo, N. Y., of counsel), for plaintiffs.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y., and C. M. Charest, General Counsel, Bureau Internal Revenue, and John W. Hussey, Sp. Atty., Bureau Internal Revenue, both of Washington, D. C. (Richard A. Grimm, Asst. U. S. Atty., of Buffalo, N. Y. of counsel), for the United States.

HAZEL, District Judge. In this case plaintiffs, a partnership, assert the right of recovery from the United States of $20,208.-36, with interest, constituting a portion of an overassessment of excess profits tax determined by the Commissioner of Internal Revenue and paid by plaintiffs for the fiscal year beginning October 1, 1916, and ending September 30, 1917. The total tax paid was $40,257.27 based upon an original return, prepared in accordance with article 20, reg. 41 of the Internal Revenue Department by which the computation of the tax in question was based on a credit at the rate of 9 per cent. upon three-fourths of capital invested in the business during the fiscal year, instead of the entire amount of the capital. Additional assessments were imposed in December, 1920, of $33.75 and $5,749.09 in January, 1924. These amounts were also paid. On March 14, 1924, a claim for refund was filed under section 252 of the Revenue Act of 1921 (42 Stat. 268), as amended (42 Stat. 1505; 43 Stat. 22), and stating that the claim was filed for $1 or any sum which, by reason of "future court cases, treasury rulings or for other reasons, it may appear has been illegally or erroneously assessed or collected," and it was stated that the claim for special assessment would later be submitted. There was no objection asserted to this claim, but on December 31, 1925, plaintiffs were notified by letter that their claim for refund would be rejected at the expiration of 30 days. Prior thereto, on February 21, 1923, plaintiffs filed a waiver with the Commissioner extending the time for determination and collection of the income and excess profit taxes for 1917, to February 21, 1924, which operated (assuming regularity of the claim for refund) to extend the time for filing to April 1, 1925. Following the above letter of contemplated rejection, plaintiffs protested and requested that the statement in their letter of protest to the Commissioner be considered as amendatory of their original claim filed on March 14th, preceding. The amendment referred to a decision rendered by the Court of Claims in Strong-Hewat & Co. v. U. S., Vol. 5 Am.

Fed. Tax Rep. page 5708, wherein it was decided that article 20, reg. 41, under which plaintiffs' return was filed and excess profits tax assessed and determined, was invalid and erroneous, and that taxpayers, whose fiscal year ended before the calendar year, had the lawful right to compute excess profit credits on their full invested capital, instead of proportionately. No appeal from this decision has been taken by the government.

The facts in the instant case are undisputed. The government concedes that the tax assessed herein was erroneous and that a claim for refund in proper form was filed, by plaintiffs, but nevertheless urges that such claim was insufficient for acceptance and consideration as a claim for a refund, and therefore was barred by section 284(b) of the Revenue Act of 1926 (26 USCA § 1065), which in effect provides that a refund shall not be made after three years from the time the return was due, or four years after payment of the tax, "unless, before the expiration of such period, a claim therefor is filed by the taxpayer." This contention, however, rests upon whether, in view of the character of the original claim and the subsequent evidence and exhibit letters, the Commissioner was sufficiently apprised of the grounds upon which it was supported. Plaintiff maintains not only that the original claim was sufficient in law, but that in fact the Commissioner, without objecting thereto, subsequently complied with plaintiffs' request for recomputation and correction of the excess profit tax in question, by repayment of $5,749.09, out of the total of $25,957.45, refusing to refund the remainder because of insufficiency, and that by his acts he waived any defect or inadequacy in the original claim for refund. I think this contention is supported by the merits.

It was decided in Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 46, 72 L. Ed. 253, that when the Commissioner insists on strict compliance with the statute, a recovery under section 3226, Rev. St., as amended (26 USCA § 156), cannot be had unless a prior claim for refund has properly been filed, though, as I read the opinion of the learned court, it was also held that the collector or counsel for the government might waive or dispense with literal compliance with statutory requirements. Indeed, as pointed out in Tucker v. Alexander (C. C. A.) 15 F.(2d) 356, the purpose of the statute necessitated filing of a claim for refund to allow the Commissioner an opportunity for correction of errors made in his office, and to afford the parties relief from litigation. In

reversing the Circuit Court of Appeals on other grounds, the Supreme Court, however, substantially agreed with the Circuit Court of Appeals for the Eighth Circuit in its construction of the statute, and remarked that no valid reason existed "why the requirements of the regulations may not be waived for that purpose," viz., the disposal of claims for refunds on their merits. The statement in the so-called letter of rejection in the instant case, that the claim "will be rejected in full * * * at the expiration of 30 days from the date of this letter," lacks a degree of definiteness and exactness. It implies an invitation for further discussion during the 30-day period before reaching a conclusion, and obviously plaintiffs so understood it, for they availed themselves of such an interpretation and prevailing practice by forwarding a duly verified protest embodying an amplification of their original claim, which the Commissioner accorded consideration, as may fairly be inferred from his reply letter particularizing a conference with plaintiffs wherein it was asserted that an adjustment of the amount of the tax had previously been agreed upon. Subsequently, on December 8, 1926, in compliance with plaintiffs' letter of protest, the Commissioner recomputed the tax and determined that plaintiffs had been overassessed in the amount of $25,957.45. It is therefore apparent that the amendment was effectively considered and fairly accepted. In a recent case (Swift v. U. S., unreported as yet) the Court of Claims allowed an amendment to an original claim by adding thereto details, saying: "If there was any insufficiency in the statement it is 'merely one of form' and could be cured by such an amendment as the plaintiff subsequently filed, although it was made after the expiration of the period of limitation." And see Union, etc., Trust Co. v. Eaton (D. C.) 20 F. (2d) 419; Warner v. Walsh (D. C.) 24 F. (2d) 449; Warner v. Walsh, 27 F.(2d) 952, wherein Judge Thomas substantially decided that requirements for filing a refund claim are not to be strictly construed in favor of the Commissioner and against the taxpayer.

I have considered the argument put forth by the government that, if a taxpayer is permitted to file a mere blanket claim for refund within the period of limitation, and later an amendment raising new points after the statute of limitations had run, the government would, not infrequently, find itself at a marked disadvantage. But here we are, I conceive, dealing with a different question. No statute of limitation is claimed to have been waived. It is simply a question of

872

whether an original claim, though perhaps lacking in adequacy as to details, has automatically become a nullity, even though subsequently amendments were accepted and partial refunds made of the questionable overassessment. Since no objection was asserted to the original claim for refund, the belief is persuasive that the Commissioner understood its nature and implications. He certainly considered the contents and had before him several letters from plaintiffs referring to the original claim and requesting reopening for correction. In the circumstances, as adduced by the proofs, the principle of estoppel against the government against any irregularity or insufficiency of the original claim is not unwarranted, for clearly the Commissioner acted within the scope of his authority. Ritter v. U. S., 28 F. (2d) 265.

My conclusion is that, regardless of any asserted defect of form or sufficiency in the original claim for refund, the acts and omissions of the Commissioner of Internal Revenue tended to mislead plaintiffs and constituted a material waiver of irregularity, and, further, that by subsequent amendment, filed prior to final rejection, the claim became effective. Judgment may be entered as determined by the findings of fact and law heretofore submitted by plaintiffs. So ordered.