## SOLOMON v. UNITED STATES.

District Court, S. D. New York.
May 28, 1930.

BONDY, District Judge.

The only objection made by the defendant to the amended complaint upon the argument and in its brief is that it appears that at the time of filing of his claim for refund, plaintiff failed to submit facts relied upon by him in support of his claim. See Revised Statutes § 3226, as amended (26 US CA § 156), and Treasury Regulations 65, art. 1306.

The complaint alleges:

Plaintiff included in his 1919 income tax return $103,160.56 credited to him by Hahlo Company as salary and commissions, pursuant to an agreement between the plaintiff and Hahlo Company for payment to the plaintiff of a salary of $25,000 and as additional compensation a sum equal to 10 per cent. of the net profits of Hahlo Company as finally adjusted by the Treasury Department. December 29, 1925, Hahlo Company filed a claim for refund of its 1919 taxes. Two days. thereafter plaintiff filed a claim for refund of taxes paid by him for the year 1919, stating as the ground of his claim: "Profits were credited to the claimant on the basis of erroneous profits ascribed to Hahlo Company for the year 1919. Brief will follow." May

26, 1926, the Commissioner of Internal Revenue advised plaintiff that the claim would be rejected, inasmuch as no brief or further information had been furnished to substantiate that statement.

May 11, 1928, the Commissioner denied an application made by the plaintiff to reopen the claim. On November 26, 1928, the claim of Hahlo Company was allowed and its net income for 1919 was reduced from $736,004.81 to $609,446.79 or $126,558.02.

May 26, 1928, this action was begun.

At the time when plaintiff's claim for refund was filed, December 31, 1925, it was impossible for the plaintiff to state specifically his claim because the Commissioner had not definitely fixed the net income of Hahlo Company for the year 1919. The Commissioner accepted the claim without objecting to it as insufficient in form. It does not appear that the Commissioner was deceived or misled by plaintiff's failure to describe his claim more accurately. He never gave any notice that the claim actually had been rejected.

The objection that the complaint failed to state a cause of action, because it appears that the claim for refund does not set forth specifically all facts relied on in support thereof, cannot be sustained and the motion to dismiss must be denied. See Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253; Dreyfuss Dry Goods Co. v. Lines (C. C. A.) 24 F.(2d) 29; Union Trust Co. v. McCaughn (D. C.) 24 F.(2d) 459; Art Metal Construction Co. v. United States (D. C.) 35 F.(2d) 379; Zeller v. United States (D. C.) 35 F.(2d) 870; Michel v. United States (C. C. A.) 37 F.(2d) 38.

It appears by affidavit that on May 1, 1928, the plaintiff filed a brief with the Commissioner in which he fully set forth the facts and figures upon which the claim was based. The plaintiff moves that he be allowed to amend his complaint by alleging these facts. Though at the time the brief was filed the Commissioner had given notice that he would reject the claim, he had not given any notice that the claim had been rejected. Under such circumstances, the facts stated in the claim may be regarded to have been supplemented by the facts stated in the brief. Whether the amendment should be allowed will depend upon whether or not there has been an actual rejection, and if so, when, as to which there is not any allegation in the complaint.