### CONNELL v. HOPKINS.
### No. 4160.

District Court, N. D. Texas, Dallas Division. Oct. 1, 1930.

774

P. Walter Brown, of Fort Worth, Tex., and Harry Friedman, of Washington, D. C., for plaintiff.

N. A. Dodge, U. S. Atty., of Fort Worth, Tex., for defendant.

ATWELL, District Judge.

A jury was waived. An agreed statement of facts evidence that the taxpayer, S. B. Burnett, filed his return for the year 1918, on March 16, 1919, showing a tax due of $11,712.18. This amount was paid in installments.

Burnett died in 1922. On March 13, 1924, an additional tax of $92,498.42 was assessed against the estate for the year 1918. On March 27, 1924, a claim for abatement of said additional assessment was filed, and on March 27, 1925, an abatement was allowed in the sum of $37,692.13. On April 18, 1925, the collector, defendant, demanded payment of the balance of $54,806.29, plus interest, and on April 28, 1925, the executors paid, under protest, $58,377.47.

On September 25, 1925, a claim for refund on blank 843, which contained this printed heading, "amount to be refunded (or such greater amount as is legally refundable)," was made for $25,517.23. On January 30, 1926, the commissioner wrote the plaintiff: "Your claim for the refunding of $25,517.23, part of individual income tax for the year 1918, has been examined. The basis of your claim is: 1. that the March 1st., 1918 value of cattle, less depreciation, sold in 1918, should be allowed as a deduction from sales. 2. The distribution of certain property on community basis. A conference was arranged upon request and held in this office, December 22, 1925, at which time the contested issues were discussed. After careful consideration of the information submitted with the claim and at the conference, it is held by this office that the evidence submitted relative to the first issue is too meager to warrant a change in the audit as previously made. As advised at the conference the decision of the Texas supreme court in which it is held that the income of oil royalties which was separate property of either the wife or the husband was community income, has not been accepted by this office. The representative recognized the decision of the office and agreed to accept this decision of this issue. Since you have not been assessed an amount in excess of the correct tax liability, the claim will be rejected. The rejection of the claim will officially appear on the next schedule to be approved by the commissioner."

On November 25, 1929, plaintiff filed with the commissioner an application for the reopening and the allowance of the claim for refund, alleging that the collection was barred and setting out certain dates which would tend to show that fact. On February 24, 1930, the application was denied, the commissioner stating, among other things: "In this connection it is held by the bureau that the precise ground upon which the refund or credit of taxes is demanded must be stated in the claim for refund or credit, and a suit to recover the taxes cannot be based upon an entirely different and distinct ground than that presented in the claim." Citing authorities. The letter then continues, "a review of

the entire file of the cases discloses that the only claim filed subsequent to the payment of the tax on April 28, 1925 was the claim for refund of $25,517.23, filed on September 25, 1925, which was based on the following grounds, viz., (1) that the March 1, 1913 value of cattle, less depreciation, sold in 1918 should be allowed as a deduction from sales, and (2) distribution of certain property on the community basis."

The letter then continues: "Relative to the clause 'refund of taxes illegally collected,' shown on the former claim for refund (Form 843), you are advised, it is intended to cover cases in which, through ignorance of the law or the proper method of computation, claimants might insert incorrect amounts, and, on examination of the claim, it is found that taxpayer is entitled to more than the amounts specified on the items set forth as grounds for refund."

There were no waivers concerning assessment or collection. The plaintiff and his secretary testified that they had never received any other notices concerning the rejection of the claim.

The case presents a double limitation. It is not now contended that the government was not entitled to the additional collection that the collector made, but it is contended that the collection was made after the debt was barred.

■ When a citizen is called upon for a tax payment that he considers illegal, he must, before suing for its recovery, ask for a refund. Such request must be based upon the ground that is expected to be alleged in a suit if the refund is refused. It is unnecessary to mention, at this late hour, that the sovereign may not be sued unless it consents. The provisions authorizing suit must be observed. "Literal compliance with statutory requirements that a claim or appeal be filed with the commissioner before suit is brought for a tax refund may be insisted upon by the defendant, whether the collector or the United States." Kings County Savings Institution v. Blair, 116 U. S. 200, 6 S. Ct. 353, 29 L. Ed. 657; Maryland Casualty Co. v. U. S., 251 U. S. 342, 40 S. Ct. 155, 64 L. Ed. 297; Nichols v. U. S., 7 Wall. 122, 19 L. Ed. 125; Red Wing Melting Co. v. Willcuts, 15 F.(2d) 686; Tucker v. Alexander (C. C. A.) 15 F. (2d) 356; Id., 275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253; Dodge v. Osborn, 240 U. S. 118, 36 S. Ct. 275, 60 L. Ed. 557.

The system which the Congress provides for the collection of revenue and for the remedying of errors in such collection is fixed and not variable. It is for universal observance, for the citizen's benefit, and for the benefit and guidance of a constantly changing army of officers. Cheatham v. U. S., 92 U. S. 85, 23 L. Ed. 561; Hicks v. James (C. C.) 48 F. 542; Rock Island Railroad Co. v. U. S., 254 U. S. 141, 41 S. Ct. 55, 65 L. Ed. 188.

Plaintiff contends that this fundamental rule has been so construed as to admit such an amendment as was within the facts shown in the original claim.

In support of this position he cites: Dreyfuss Dry Goods Co. v. Lines (C. C. A.) 24 F.(2d) 29, 31; Lehigh & Wilkes Barre Coal Co. v. U. S. (D. C.) 38 F.(2d) 637, 639; Neuland v. Bowers (D. C.) 38 F.(2d) 842, 844; Leach v. Nichols, 42 F.(2d) 918.

■ A question of law that has been so recently reiterated by the Supreme Court in Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 46, 72 L. Ed. 253, ought not to be considered unsettled, or as having confusing exceptions. It is true that one is somewhat embarrassed when one discovers that for half a century the application for refund has been considered a jurisdictional matter for the entrance of court, to find that it has been stated, "we can perceive no valid reason why the requirements of the regulations may not be waived for that purpose." But Mr. Justice Stone was speaking about that particular case which showed that the suit could be dismissed and a new suit brought before the statute would run, and in that sort of a situation he saw no impropriety in allowing the representative of the government and the representative of the citizen to stipulate for the including of a ground that had not been presented to the commissioner. He stated, however, that, "such waivers if allowed would defeat the only purpose of the statute and impose a liability upon the United States which otherwise would not exist—consequences which do not attach to the waiver here." So, the rule may now be stated to be that the litigant must come into court upon the same grounds that he presented to the commissioner, unless he and the agent of the sovereign agree upon the statement of an additional ground. This can only be done when the citizen would have time to dismiss his suit and institute a new suit after having presented the additional ground to the commissioner before the expiration of the barring statute.

The cases cited by the plaintiff exhibit no marked exception to this salutary and well-founded procedure.

Judge Thacher, in Neuland v. Bowers, said: "The taxpayer did state the facts as required by the Regulation then in force upon which he now predicates his right to recover under the statute subsequently enacted." Again, "the taxpayer's statement of his claim disclosed that his return for the year 1915 was filed in the year 1917, and that he was not notified until more than five years thereafter of the additional assessment."

In Lehigh & Wilkes Barre Coal Co. v. U. S., Judge Johnson said: "The answer to this objection is that it was impossible for the petitioner to specify the ground for the refund, for the reason that the petitioner's return had not yet been audited, and the petitioner was unable to state at the time the specific ground for its claim for the refund on February 10, 1925, or within the period of the statute of limitations. The law does not compel a person to do an impossible thing, and here the thing was impossible, not because of any act of the petitioner, but because of the failure of the Commissioner to audit the petitioner's return within the period of the statute of limitations."

In Dreyfuss Dry Goods Co. v. Lines, Circuit Judge Walker writing, it was said: "It was plainly disclosed by plaintiff's claim for refund that a suit or proceeding for the collection of the additional tax was barred when the payment of it was exacted from plaintiff. As the claim for refund complained of the illegal collection from plaintiff of the amount paid under protest, and set forth 'all facts relied on to support the claim,' as required by the above-mentioned regulation, it cannot be supposed that the Commissioner was deceived or misled by a failure of the claim to mention a provision of law applicable to those facts."

■ It seems to me that it is impossible to find within the four corners of the application for refund any facts that put the commissioner upon notice that there was a collection after it was barred. The facts shown in the agreed statement upon this trial were not exhibited in that application. There is no evidence of the date of the return, nor of who made the return. A superman, or omniscience, might have made use of some legal microscope for the detecting of unmentioned dates, but the law does not require the impossible of its agents. The commissioner was passing upon an application for the refund of approximately $25,000 upon two separate and distinct grounds, and there was not the slightest intimation, nor any discoverable information, that the statute of limitation might be involved. It would be neither good nor safe law to require such perspicuity.

■ The plaintiff also contends that the application made in 1929, which did give dates and facts, which would show limitation, and which specifically mentioned limitation, was in time because the commissioner had not given the ninety day notice of rejection. Rev. St. §§ 3226 and 3228 (26 USCA §§ 156, 157). The letter quoted above is sufficiently explicit to warrant the statement that it is the present tense. It is not a prophecy of what the commissioner may do. It means, and I think says, "your claim is rejected." While I would have some difficulty in following Michel v. U. S. (C. C. A.) 37 F.(2d) 38, I do not believe that that case is in point on this question. The court there seems to have been considering section 3226 (26 USCA § 156) as determinative of the time when the statute began to run against a suit.

Finally, we have a suit for an amount more than double the claim that was filed with the commissioner, and a reason for recovery urged that is wholly foreign to the facts and questions and reasons that were presented to him.

Judgment will be entered for the defendant.