## ELECTRIC STORAGE BATTERY CO. v. McCAUGHN, Formerly Collector of Internal Revenue.

### No. 14008.

District Court, E. D. Pennsylvania.

Oct. 10, 1931.

For main opinion, see 52 F.(2d) 205.

Charles C. Norris, Jr., of Philadelphia, Pa., for plaintiff.

Paul Freeman, Asst. U. S. Atty., of Philadelphia, Pa., and E. F. McMahon, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for defendant.

KIRKPATRICK, District Judge.

I am satisfied that the claim for refund in this case was a sufficient compliance with the requirement of the statute as to the amount of $148,381.05 as well as to the larger amount of $825,151.52. The smaller amount represents taxes passed on to the plaintiff's customers, that is, added by the plaintiff to the price of the batteries sold by it. But the plaintiff paid the entire amount, both the smaller and the larger sum, to the collector. The basis of the levy was the same for both sums, and the grounds on which the plaintiff claimed refund were the same in both cases. As was pointed out in the opinion, this is a personal action against the collector in his official capacity. The fact that the plaintiff has passed on a part of the tax to its customers has no bearing whatever upon the issue of the legality of the tax itself. Consequently, there was no need to raise it in the claim for refund.

Under a claim for refund which specifies a certain amount "or such greater amount as is legally refundable," the plaintiff may sue for a larger amount than is set forth in the claim, provided the entire suit proceeds on the grounds set forth in the claim for refund. The purpose of the statutory requirement, to give the commissioner full opportunity to reconsider and modify, if he so desires, the rulings of his office, has been accomplished. The exact amount claimed is a matter of little importance.

The foregoing is in accord with the great weight of authority. Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253; Warner v. Walsh (D. C.) 24 F.(2d) 449; Dreyfuss Dry Goods Company v. Lines (C. C. A.) 24 F.(2d) 29; Phez Company v. U. S. (D. C.) 25 F.(2d) 1011; Zeller v. United States (D. C.) 35 F.(2d) 870; Jonesboro Grocer Company v. United States, 66 Ct. Cl. 320; McKenney v. United States (Ct. Cl.) 49 F.(2d) 667. It is also in accord with prior decisions of this court. Union Trust Company of Pittsburgh v. McCaughn (D. C.) 24 F.(2d) 459; Wunderle v. McCaughn (D. C.) 38 F.(2d) 258.