Jennie J. CASWELL, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 7975.

United States District Court
N. D. California, N. D.

Nov. 15, 1960.

---

Seaman, Dick & Roberts, Stockton, Cal., for plaintiff.

Laurence E. Dayton, U. S. Atty., and Richard L. Carico, Asst. U. S. Atty., San Francisco, Cal., for defendant.

HALBERT, District Judge.

At a pre-trial hearing in this case, an order was entered requiring the parties to file memoranda dealing with the legal status of the refund claims filed by the plaintiff. The questions to be covered are:

1. May the supplemental refund claim, filed by plaintiff November 29, 1957, be related back to, and be treated as a permissible amendment to, the original refund claim filed by plaintiff on October 23, 1957; and

2. If the supplemental claim may be related back to, and be treated as a permissible amendment to, the original claim, to what extent may it be so related back, and to what extent may it be so treated?

This order was made with the thought in mind that the Court could, upon proper consideration of this problem, enter an interlocutory order which would be determinative of this issue. The parties have filed the memoranda required by the order, and the matter has been submitted to the Court for its consideration and determination.

The record before the Court shows that on October 23, 1957, plaintiff filed a timely claim for the refund of sums paid on account of 1948 income taxes. The amount of the claimed refund is $21,480 plus interest. The following grounds were stated:

"Taxpayer Wallace Caswell [plaintiff's husband] before his death in 1949 claimed he made timely payment for farmer's estimated tax in the amount of $21,480.00. On examination of his return in 1954, the same amount was assessed for nonsubstantiation. Taxpayer's representative believes this amount was timely paid and is filing this claim for protective purpose to allow more time for proof of payment."

From the claim, it appeared that the amounts assessed were paid in October, 1955. The claim puts the District Director on notice of the following contentions of *fact*, advanced by plaintiff:

1. Wallace Caswell paid the amount of $21,480 on or before January 15, 1949;

2. This payment was on Caswell's estimated income tax liability for 1948;

3. The amount was assessed against Caswell's estate in 1954; and

4. Plaintiff paid it in October, 1955.

Thereafter, on November 29, 1957, plaintiff filed a supplemental claim (It would not be timely as an original claim) which read as follows:

"Original claim filed October 23, 1957. Taxpayer believes that there was timely filing of the return, assessment of the total tax liability shown thereon and that the subsequent assessment, under which the claimed amount was paid, was invalid and that the collection thereof was invalid, illegal and erroneous."

Assuming that the allegation relative to the assessment of the tax was an allegation of fact (rather than a conclusion of law), the only new allegations of fact contained in the supplemental claim were that the return was timely filed, and the tax was timely assessed thereon. These are facts which would inevitably come to the attention of any administrative official who was investigating the original claim. Moreover, it would ordinarily be assumed that the return and assessment were timely, for it would be the exception, and not the rule, for them to be tardy.

 In deciding whether a supplementary claim is a permissible amendment, the analogies of pleading are helpful, but an analogy is not to be so slavishly followed as to ignore the realities of administrative procedure (United States v. Andrews, 302 U.S. 517, 58 S. Ct. 315, 82 L.Ed. 398). An amendment which merely makes more definite the matters already within the administrator's knowledge, or which, in the course of his investigation, he would naturally have ascertained, is permissible (United States v. Andrews, supra). From this rule, it follows that the amendment in the instant case was proper.

Defendant has cited Scharpf v. United States, D.C., 157 F.Supp. 434, affirmed *per curiam* 9 Cir., 250 F.2d 744, and Connell v. Hopkins, D.C., 43 F.2d 773, in support of its position. An examination of these cases will show that they fail to provide the support which defendant asserts they do. Scharpf v. United States, supra, is unlike the instant case. In that case, the original claim, in the natural course of administrative procedure, would lead the administrator to conclude that he need only await the outcome of then-pending litigation related to the claim. In the ordinary course of his investigation, he, therefore, would certainly not have considered the facts on which the subsequent untimely claim were founded. It follows then that the subsequent claim was not a permissible amendment of the original one in that case (See United States v. Andrews, supra; and United States v. Garbutt Oil Co., 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed. 405).

Connell v. Hopkins, supra, is also distinguishable since in that case the original claim did not give the dates and facts which would establish the limitation for which contention was subsequently made. Moreover, the supplemental claim in that case was not filed until nearly four years after rejection of the original claim.

With the exception of certain facts, which, in the ordinary course of affairs, would be true; which the Administrator would ordinarily assume to be true; and which, in all events, the Administrator would have inevitably discovered in the course of his routine investigation, the facts set forth in the supplemental claim in the instant case were the same as those set forth in the original claim. Actually, the only thing sought to be done by the supplemental claim was to apply a different legal theory to the facts, as they were known, or should have been known, to the Administrator. The instant case, therefore, parallels the case of Allegheny Heating Co. v. Lewellyn, 3 Cir., 91 F.2d 280, in which there was held to be a permissible amendment of the original claim. It is quite patent that in a normal investigation of the initial claim made in the instant case, the first thing that would have been covered would have been the original return and assessment of tax. The facts there disclosed, when added to the fact statements set forth

in the original claim, would have readily disclosed the basis (if it exists) on which plaintiff now seeks to establish the right to a refund. The case of Baltimore & O. Ry. Co. v. United States, D.C., 38 F. Supp. 83, is clearly in point here, and is favorable authority for the soundness of the position which plaintiff has taken.

There is no doubt that a fairly stringent rule against the broadening of a refund claim by amendment was set forth in Scharpf v. United States, supra. However, that decision did not purport to overrule Rogan v. Ferry, 9 Cir., 154 F.2d 974, in which the requirements for a permissible amendment were much less strict. In reconciling the two decisions, this Court concludes that plaintiff's refund claims present a situation more similar to that of Rogan v. Ferry, supra, than to that of Scharpf v. United States, supra.

█ The Court is of the view that there is substantial ground for an honest difference of opinion on the controlling question of law which is the subject of this interim order. The Court is of the opinion that an immediate appeal from this order may materially advance the ultimate termination of the litigation. This Court will accordingly look with approval upon an interlocutory appeal under the provisions of Title 28 U.S.C. § 1292(b), if defendant wishes so to appeal. Should such an appeal be taken, the Court will stay the proceedings in the instant case to await the outcome of such appeal.

It is, therefore, ordered that plaintiff's allegations that assessment of the taxes in issue in this case was superfluous and/or barred by the applicable period of limitations and that collection of said taxes was barred by the applicable period of limitation, be considered in this action. Said allegations are found to have been properly presented to the District Director by a timely refund claim and a permissible amendment of that claim.

Plaintiff will prepare a formal order embodying the ruling made by the Court in this Memorandum and Order, submit it to counsel for the defendant for approval as to form, and lodge it with the Clerk of this Court pursuant to the applicable laws and rules.