## MAHONING COAL R. CO. et al. v. UNITED STATES.

District Court, N. D. Ohio, E. D.   July 7, 1928.

No. 14311.

S. H. West and C. C. Handy, both of Cleveland, Ohio, for plaintiff.

A. E. Bernsteen, U. S. Atty., and Irene Nungesser, Asst. U. S. Atty., both of Cleveland, Ohio (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Henry M. Cox, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for the United States.

JONES, District Judge. This is a suit to recover taxes illegally assessed and collected. The government has demurred to the petition on the ground that the suit was not brought within the time limited for the commencement of such actions, as provided by section 3226 of the Revised Statutes, 26 USCA § 156. This section provides that suits of this character may not be commenced after the expiration of 5 years from the date of the payment of the tax, unless the suit is begun within 2 years after the disallowance of the claim sued upon, and further provides that the Commissioner shall within 90 days after disallowance notify the taxpayer by mail.

The claim for refund of tax was disallowed on January 27, 1925, and this suit was commenced February 4, 1927, or 8 days beyond the limit of the statute. The plaintiffs contend that they did not receive notice by mail from the Commissioner as to the disallowance of their claims, as provided by section 3226 of the Revised Statutes, and that they had no actual notice of the disallowance of their claims prior to the 2d day of February, 1927.

It is true that the government may not be sued, except upon such terms and conditions as are prescribed and permitted by statute, and, when such consent to be sued is given by Congress, no power exists in government officers to enlarge or extend the conditions of the right. The Commissioner of Internal Revenue cannot, of course, waive a statute of limitations or extend the time of commencing suit; but that Congress intended the notice by mail to the taxpayer to be an important condition of the limitation is, it seems to me, quite evident from its incorporation in section 3226. No other purpose may be reasonably discerned in such provision. It was put there to notify the taxpayer of the tolling of the statute, and he should be entitled to the benefit of such provision. If the officer of the government cannot waive the statute, surely Congress never intended that his failure to comply with an express mandatory provision of the statute should defeat the right given to the taxpayer. There is no reason for believing that the notice by mail, required to be given, was any less a con-

dition of the right to sue than any other part of the statute.

The demurrer will be overruled, and exceptions noted.