## MICHEL v. UNITED STATES.
### KRIEGER v. SAME.

Circuit Court of Appeals, Second Circuit.
January 6, 1930.

Nos. 141, 142.

Chase, Circuit Judge, dissenting.

Donald Horne, of New York City, for plaintiffs-appellants.

Charles H. Tuttle, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). The question before us is the effect to be given to the provision of the statute that the Commissioner of Internal Revenue shall within ninety days after the disallowance of a claim to refund taxes notify the taxpayer thereof by mail.

If the words directing notice amount to no more than a regulation for the promotion of efficient administration and are not a requirement for the protection of the taxpayer, then the claim of each plaintiff is barred because more than two years have elapsed since his claim was rejected. But it is hard to suppose that the provision for notice was not primarily intended to warn the taxpayer of the rejection of his claim and of the running of the statute. The schedule of assessments which the Commissioner approves is not a record open to the public, but is an interdepartmental document, and the taxpayer apparently has no authoritative information as to the decision of the Commissioner except the prescribed notice by mail. But notice of the Commissioner's action is required by all the necessities of the case. While there is a general provision in the amended section 3226, supra, giving the taxpayer five years after payment of his tax within which to sue for the recovery of an overpayment, few per-

sons wish to go to the trouble and expense of a lawsuit where relief may come through departmental action, especially when they are obliged to file refunding applications in all cases as a preliminary requisite. It was doubtless with this human element in view that the clause was inserted in the section as finally amended, allowing a special period within which to sue after a disallowance of the taxpayer's claim, and requiring notice of such disallowance.

Under the rule laid down by the Supreme Court in French v. Edwards, 13 Wall. 506, 511, 20 L. Ed. 702, the provision in section 3226 for notice to the taxpayer would seem to be mandatory. Justice Field there explained the principle of statutory construction as follows:

"There are undoubtedly many statutory requisitions intended for the guide of officers in the conduct of business devolved upon them, which do not limit their power or render its exercise in disregard of the requisitions ineffectual. Such generally are regulations designed to secure order, system, and dispatch in proceedings, and by a disregard of which the rights of parties interested cannot be injuriously affected. Provisions of this character are not usually regarded as mandatory unless accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated. But when the requisitions prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and by a disregard of which his rights might be and generally would be injuriously affected, they are not directory but mandatory. They must be followed or the acts done will be invalid. The power of the officer in all such cases is limited by the manner and conditions prescribed for its exercise."

In the present case the clause prescribing notice was intended for the protection of the citizen, and the statute did not begin to run until notice was given. It is said that the letters from the Commissioner advising the plaintiffs here that their claims *"would be rejected"* were sufficient notices to comply with the law. The statute, however, prescribes a notice *"after"* the disallowance. The word *"after"* is not merely technical, but seems to us to go to the essence. It requires notice of the final decision, and does not leave the taxpayer to discover when that decision has been made with no aid but the prophecy of the Commissioner—a prophecy subject to a possible change of the latter's opinion. The

rejection appearing on the schedule approved by the Commissioner, and not the letter forecasting his action, represented his final decision as a matter of law. Girard Trust Co. v. United States, 270 U. S. 163, 46 S. Ct. 229, 70 L. Ed. 524. It is the rendering of this final decision of which notice had to be given.

In Mahoning Coal R. Co. v. United States (D. C.) 28 F.(2d) 917, Judge Paul Jones held that the statute of limitations we are considering had not run where no notice of the disallowance of the taxpayer's claim had been given, even though a period of more than two years subsequent to the date of the decision by the Commissioner had elapsed.

It cannot be denied that difficulties arise in treating the notice clause as mandatory. The section requires suit to be "begun within two years after the disallowance," and then prescribes a notice by mail "within 90 days after * * * disallowance." If the notice is given within the ninety days, the matter is simple; but, if the Commissioner renders his decision and then waits for one year and eleven months before giving notice, or if notice is not given for more than two years after a decision is rendered, or is not given at all, when, if ever, would the statute begin to run? A literal reading of the act would remove the bar wherever the Commissioner has not given notice within the ninety days; yet that would seem an unfortunate result. But we need go no further at present than to say that the Commissioner gave no notice of his decision until about two months before the above actions were brought, and that the causes of action were not barred then even if they would ever become barred when a notice had not been mailed within ninety days after the decision of the Commissioner. The provisions of the statute, in our opinion, are irreconcilable unless it be held to require both a decision disallowing the taxpayer's claim and a notice to the taxpayer by mail of such disallowance before the time shall begin to run. By no other construction can its mandatory provision be given effect, and its various provisions be made congruous.

It is probably true that the taxpayers here were careless and might have found out long before they were given formal notices that their claims had been rejected, but the statute does not bar the rights of taxpayers for failure to exercise due diligence but only after such notice is given and such time has elapsed as the act prescribes.

Judgment in each case reversed, with leave to defendant to answer.

CHASE, Circuit Judge, dissents, without opinion.